■ SIMON & FLYNN, INC., Respondent, v GOULD ENTERTAINMENT CORP. et al., Appellants.—Order, Supreme Court, New York County, entered May 12, 1977 (Motion No. 65, Special Term Calendar of April 21, 1977), unanimously modified, in the exercise of discretion, to provide that, within 20 days of service of the order entered hereon, plaintiff-respondent shall pay to defendant-appellant Gould Entertainment Corp. a full bill of costs of the action to date, together with $75 costs and disbursements of this appeal, as well as an additional sum of $500 in costs, and otherwise to affirm as to that defendant, and, in the event that such conditions shall not be complied with in full, to reverse, in the exercise of discretion, and to deny plaintiff-respondent's motion to compel acceptance of plaintiff's bill of particulars, with $75 costs and disbursements of this appeal to defendant-appellant Gould; and, as to defendant-appellant Wallynn, to dismiss the appeal of that defendant-appellant as not a party aggrieved, without costs and without disbursements. Separate order of the same court and date (Motion No. 63, Special Term Calendar, same date) unanimously modified, in the exercise of discretion, to provide that, subject to the same conditions obtaining as to the separate order of the same date, this order is affirmed, with one bill of $75 costs and disbursements on both appeals, and should those conditions not be complied with as hereinabove stated, to reverse, in the exercise of discretion, and to grant the motion of defendant-appellant Gould for summary judgment dismissing the complaint, with one bill of $75 costs and disbursements to defendant-appellant Gould to cover both appeals; and to affirm as to defendant-appellant Wallynn, without costs and without disbursements, and without prejudice to a new motion as hereinafter set forth. (Motion No. 65, calendar of April 21, 1977.) Although demand for a bill of particulars was timely made by defendant-appellant Gould Entertainment Corp. upon plain-

tiff, none was forthcoming. Several motions and orders later, defendant Gould moved for a final order of preclusion based on plaintiff's dilatory tactics; that order was granted, precluding plaintiff "from giving any evidence at the trial of this action with defendant G.E.C. with respect to any of the particulars of its complaint which have been demanded by G.E.C. in the demand for a bill of particulars heretofore served by defendant G.E.C. upon plaintiff." (Order entered Dec. 19, 1976.) It is noted that defendant Wallynn, Inc., never joined in Gould's demand, nor made a separate one, nor participated in any way in Gould's efforts to secure a bill or, failing that, in procuring the final order of preclusion, or in resistance to plaintiff's efforts to secure vacatur of that order by the device of a motion (No. 65) to compel acceptance by Gould of plaintiff's belatedly proffered bill of particulars. Wallynn did, however, serve a separate notice of appeal from Special Term's grant of that motion, in which, as has been said, it had no part. Plaintiff's purported excuse for failure to furnish the bill after extensive opportunity so to do was "inadvertence". Special Term was moved by this plea, and perhaps that conclusion may be supportable even though we think that vacatur of the preclusion order was not justified. Our respect for an exercise of discretion is great, but acceptance of the tendered excuse should carry a substantial penalty. Accordingly, we have provided for such a penalty by imposing conditions upon affirmance of Special Term's effective vacatur of preclusion, failing compliance with which the preclusion will remain in effect against plaintiff. Wallynn was, as has been pointed out, not a participant in procurement of the preclusion and is therefore not aggrieved, except obliquely, by its vacatur. Its appeal should, accordingly, be dismissed. (Motion No. 63, calendar of April 21, 1977.) When the final order of preclusion was made, Wallynn, which had done nothing theretofore except to sit by, promptly moved in with a motion for summary judgment dismissing the complaint on the theory that plaintiff would be prevented by the preclusion order from establishing a prima facie case. Defendant Gould promptly joined in the motion in its own behalf. The very words of the final preclusion order, hereinabove quoted, apply only to the case against Gould, and are without consequence as to Wallynn, not entitled to the benefit of that order. Wallynn's motion for summary judgment was therefore properly denied. This disposition is without prejudice to a new motion by Wallynn for summary judgment, should it be so advised, on any basis other than the preclusion order procured by Gould. Should plaintiff not comply with the conditions we have imposed so that reversal of the order denying summary judgment will go into effect, Gould would be entitled to the relief sought. Comparison of the demand for a bill with the allegations in the complaint indicates that a revived order of preclusion would effectively spike plaintiff's ability to prove a prima facie case against Gould. (See *McCraith v Wehrung*, 42 AD2d 825; *Clements v Peters*, 33 AD2d 1096.) Concur—Murphy, P. J., Silverman, Fein, Markewich and Sandler, JJ.