■ ANDY KALEM, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 84078.) [624 NYS2d 56] —In a claim to recover damages for personal injuries due to negligence, the claimant appeals from a judgment of the Court of Claims (Silverman, J.), dated August 5, 1993, which, after a trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

It is well established that "the State bears the responsibility for the protection of others in its operation of schools, hospitals and other institutions" *(Dunn v State of New York,* 29 NY2d 313, 317). "Whether a breach of duty has occurred depends upon whether the resulting harm was a reasonably foreseeable consequence of the defendant's acts or omissions" *(Gordon v City of New York,* 70 NY2d 839, 841). Moreover, to impose liability, the alleged negligence must be a proximate cause of the injuries suffered *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308).

We agree with the Court of Claims' finding that the injuries sustained by the claimant at the Long Island Development Center on December 13, 1990, were not foreseeable and that, in any event, the claimant did not show that the alleged negligence was a proximate cause of the injuries sustained. Accordingly, it was proper for the court to dismiss the claim on its merits.

The claimant's remaining contentions are without merit. O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.