■ George Wilson, Appellant, v State of New York, Respondent. [760 NYS2d 51] —In a claim to recover damages for personal injuries due to negligence, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated May 30, 2001, which, after a nonjury trial on the issue of liability, and upon granting the defendant's motion, made at the close of evidence, for judgment as a matter of law, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant, an inmate at the Sing Sing Correctional Facility, alleged in this action that the State was responsible for injuries he sustained when a group of inmates assaulted him. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent, and the claimant appeals. We affirm.

While the State's duty to an inmate encompasses protection from the foreseeable risk of harm at the hands of other prisoners (*see Dunn v State of New York,* 29 NY2d 313, 317 [1971]), the State is not an insurer of an inmate's safety (*see Padgett v State of New York,* 163 AD2d 914 [1990]). The State will be liable in negligence for an assault by another inmate only upon a showing that it failed to exercise adequate care to prevent that which was reasonably foreseeable (*see Kalem v State of New York,* 213 AD2d 515 [1995]).

We find that the Court of Claims' determination was supported by the evidence. Accordingly, the claim was properly dismissed. Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.