■ KEITH SILVERA, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 100838.) [761 NYS2d 243] —In a claim to recover damages for personal injuries based on negligence in the supervision of an inmate in a state prison, the claimant appeals from a judgment of the Court of Claims (Scuccimarra, J.), dated December 4, 2001, which, after a nonjury trial, is in favor of the defendant and against him dismissing the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The weight of the evidence supports the view that another inmate may have initially blamed the claimant for two fires that occurred in that inmate's cell in 1998. However, the claimant's own testimony establishes that prison officials later determined that it was "impossible" for the claimant to have been involved in those fires. Thus, the weight of the evidence does not support the inference that the other inmate nonetheless continued to harbor a grudge against the claimant, much less the inference that any employee of the state knew, or reasonably should have known, that the supposed animosity of the other inmate was of such intensity as to create a risk of violence. Under these circumstances, the claimant failed to meet his burden of proving that the defendant state, or its employees, negligently failed to protect him against "risks of harm that [were] reasonably foreseeable" (*Sanchez v State of New York* 99 NY2d 247, 253 [2002]; *see Flaherty v State of New York,* 296 NY 342 [1947]; *Blake v State of New York,* 259 AD2d 878 [1999]). Prudenti, P.J., Ritter, Luciano and Cozier, JJ., concur.