■ ANDRES ELNANDES, Appellant, v STATE OF NEW YORK, Respondent. [785 NYS2d 128]—

Mugglin, J. Appeal from a judgment of the Court of Claims (Sise, J.), entered August 24, 2003, which granted defendant's motion to dismiss the claim.

The trial in this inmate-on-inmate assault case, wherein claimant seeks to hold defendant responsible for his injuries on negligence principles, was tried prior to the Court of Appeals decision in *Sanchez v State of New York* (99 NY2d 247 [2002]). In granting defendant's motion to dismiss at the close of claimant's proof, the Court of Claims applied the former standard (*see Smith v State of New York*, 284 AD2d 741 [2001]), which was rejected by the Court of Appeals as too restrictive. Nevertheless, having exercised our broad authority to review the entire record, we conclude that remittal to the Court of Claims is unnecessary since claimant's evidence fails to establish that defendant had either actual or constructive notice that this assault was reasonably foreseeable. Stripped of its hearsay allegations concerning (a) institutional policy not to interfere in inmate behavior until an inmate is injured, and (b) the positioning/presence of a correction officer, claimant's proof was that, as he was sleeping, another inmate entered his cubicle and slashed him with a rug cutter. On cross-examination, it was established that claimant had no previous encounter with his assailant, did not know his assailant and had not listed anyone on an "enemies list" with the institution. "The mere occurrence of an inmate assault, without credible evidence that the assault was reasonably foreseeable, cannot establish the negligence of [defendant]" (*Sanchez v State of New York, supra* at 256). Moreover, even were we to credit the hearsay concerning the officer's positioning, " 'liability cannot be predicated on the mere fact that the officer could not see claimant at the time of the attack' " (*id.* at 255 n 4).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.