■ ROGER CODRINGTON, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 99166.) [797 NYS2d 100]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Ruderman, J.), dated June 1, 2004, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant, an inmate at the Sing Sing Correctional Facility, alleged in this negligence claim that the State of New York was liable for injuries he sustained when he was assaulted by another inmate. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent and dismissed the claim. We affirm.

While the State's duty to an inmate encompasses protection from the foreseeable risk of harm at the hands of other prisoners (*see Dunn v State of New York*, 29 NY2d 313, 317 [1971]), the State is not an insurer of an inmate's safety (*see Padgett v*

*State of New York,* 163 AD2d 914 [1990]; *Wilson v State of New York,* 303 AD2d 678, 679 [2003]). The State will be liable in negligence for an assault by another inmate only upon a showing that it failed to exercise adequate care to prevent that which was reasonably foreseeable (*see Kalem v State of New York,* 213 AD2d 515 [1995]). We agree with the Court of Claims that the injuries sustained by the claimant, as conceded by the claimant at his trial, were not foreseeable. Accordingly, the claim was properly dismissed. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.