■ FRANCIS DI DONATO, Appellant, v STATE OF NEW YORK, Respondent. [807 NYS2d 456]—

Spain, J. Appeal from a judgment of the Court of Claims (Lebous, J.), entered July 19, 2004, upon a decision of the court following a bifurcated trial in favor of defendant on the issue of liability.

In this negligence action, claimant asserts that injuries he sustained at the Elmira Correctional Facility in Chemung County (hereinafter Elmira) at the hands of another inmate were the result of defendant's failure to provide adequate protection while he was incarcerated. After a bifurcated trial on the issue of liability, the Court of Claims dismissed the claim. On claimant's appeal, we affirm.

"Having assumed physical custody of inmates . . . [defendant] owes a duty of care to safeguard inmates, even from attacks by fellow inmates" (*Sanchez v State of New York*, 99 NY2d 247, 252 [2002] [citations omitted]). This duty, however, is limited to providing reasonable care to protect inmates from risks of harm that defendant knew or should have known were foreseeable (*see id.* at 253-255; *Elnandes v State of New York*, 11 AD3d 828, 829 [2004]).

The gravamen of claimant's argument is that defendant breached its duty to provide reasonable protection by denying his request for protective custody and otherwise failing to address the presence of gangs at Elmira. Claimant requested protective custody in 1998, shortly after he was transferred to Elmira, expressing fear based on problems with members of a particular gang. Specifically, claimant relied on an incident which occurred while claimant was incarcerated at Sing Sing Correctional Facility in Westchester County in 1996 where another inmate purportedly tried to extort funds from him. Claimant was granted temporary protective custody pending an

investigation, which resulted in the conclusion that the Sing Sing incident arose out of a debt that claimant owed for narcotics. Finding no identifiable basis for claimant's position that this event placed him at any heightened risk while at Elmira, protective custody was denied. Claimant made no additional requests for protective custody.

Over a year later while still incarcerated at Elmira, claimant was assaulted—his face cut—by another inmate who was never identified. Testimony was introduced that gangs had a presence at Elmira and that cutting someone in the manner which claimant was cut was an initiation ritual used by the particular gang from which claimant had sought protection. On the other hand, it was also established that assaults like the one perpetrated on claimant occur for a variety of other, nongang-related, reasons. No direct evidence linked the unknown assailant to any gang. Further, claimant failed to establish any basis— beyond his unsupported claim that the 1996 Sing Sing incident was gang-related—for his contention that he was at special risk for an attack by a member of a gang. Affording due deference to the credibility determinations made by the Court of Claims (*see Butler v New York State Olympic Regional Dev. Auth.*, 307 AD2d 694, 695 [2003]), we agree with the court that this evidence is insufficient to sustain claimant's contention that the assault was the foreseeable result of any breach of duty on defendant's part (*see Elnandes v State of New York, supra* at 829; *Silvera v State of New York*, 306 AD2d 269, 269 [2003]).

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.