■ DOUGLAS HARRIS, Appellant, et al., Plaintiff, v CITY OF NEW YORK et al., Respondents. [812 NYS2d 78]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered October 5, 2004, in an action by a prisoner against the City of New York and its Department of Correction for personal injuries sustained when he was shot by another prisoner, dismissing the complaint at the close of plaintiff's evidence, unanimously affirmed, without costs. Appeal from order, same court (Stanley Green, J.), entered on or about May 30, 2003, which vacated a preclusion order entered against defendants in a related action brought by another prisoner, unanimously dismissed, without costs.

Plaintiff, housed at Rikers Island awaiting murder charges, testified that he did not know who the shooter was, had not had prior problems with other inmates, and was probably just a "victim of circumstances." He further testified that he had never heard of an inmate possessing a gun in the housing unit, and offered no evidence of inmate-on-inmate assaults occurring during the nighttime hours such as might have alerted defendants that their nighttime security practices were inadequate (*compare Sanchez v State of New York*, 99 NY2d 247, 250-251, 254-255 [2002]). Nor did plaintiff adduce any evidence that defendants should have known of the threat to him from, for example, their knowledge of risks to a class of inmates based on their expertise or prior experience, or from their own policies and practices to address such risks (*compare, id.* at 254). As the only conclusion that can be drawn from plaintiff's case is that defendants had reasonable security measures in place and that the shooting was not reasonably foreseeable, the complaint was properly dismissed (*see id.* at 256; *Elnandes v State of New York*, 11 AD3d 828 [2004]). Plaintiff also appeals from a prior order which, in an action brought by another inmate injured in

the same shooting, vacated an order precluding defendants from asserting that the shooting was the result of a conspiracy among four inmates, including plaintiff, to injure themselves, and asks us to review another, earlier prior order which denied the other inmate's motion for summary judgment based on the preclusion order. As plaintiff was not a party to the action in which these orders were entered, he was not aggrieved thereby, and we decline to review them (CPLR 5511; *cf. Simon & Flynn v Gould Entertainment Corp.*, 66 AD2d 727 [1978]). Concur—Saxe, J.P., Marlow, Sullivan, Gonzalez and Catterson, JJ.