■ PAMELA SMART, Appellant, v STATE OF NEW YORK, Respondent. [885 NYS2d 423]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated February 14, 2008, which, upon a decision of the same court dated December 21, 2007, made after a nonjury trial on the issue of liability, is in favor of the defendant and against the claimant dismissing the claim.

Ordered that the judgment is affirmed, without costs or disbursements.

The claimant, an inmate at Bedford Hills Correctional Facility, alleged in this negligence claim that the defendant State of New York was liable for injuries she sustained when she was assaulted by two other inmates. Following a nonjury trial on the issue of liability, the Court of Claims determined that the State was not negligent and dismissed the claim. We affirm.

"While the State's duty to an inmate encompasses protection from the foreseeable risk of harm at the hands of other prisoners" (*Codrington v State of New York*, 19 AD3d 443, 443 [2005]; *see Dunn v State of New York*, 29 NY2d 313, 317 [1971]), "the State is not an insurer of an inmate's safety" (*Codrington v State of New York*, 19 AD3d at 443; *see Wilson v State of New York*, 303 AD2d 678 [2003]; *Padgett v State of New York*, 163 AD2d 914 [1990]). "The State will be liable in negligence for an assault by another inmate only upon a showing that it failed to exercise adequate care to prevent that which was reasonably foreseeable" (*Codrington v State of New York*, 19 AD3d at 444; *see Kalem v State of New York*, 213 AD2d 515 [1995]). We agree

with the Court of Claims that the claimant failed to establish any negligence on the part of the State. Accordingly, the claim was properly dismissed. Fisher, J.P., Miller, Angiolillo and Hall, JJ., concur.