■ GEORGE VASQUEZ, Appellant, v STATE OF NEW YORK, Respondent. [890 NYS2d 184]—

Peters, J.

In January 2000, while an inmate at the Ogdensburg Correctional Facility in St. Lawrence County, claimant was assaulted by three other inmates in a bathroom located within the recreation yard of this medium security facility. This negligence action against defendant ensued, with claimant alleging, among other things, failure to provide adequate supervision and protection from the inmate assault. Following a bifurcated trial on the issue of liability, the Court of Claims dismissed the claim. Claimant now appeals, and we affirm.

It is well settled that defendant owes a duty of care to protect inmates, even from attacks by fellow prisoners (*see Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). It is equally clear,

however, that defendant is not an insurer of inmate safety and negligence cannot be inferred merely because an incident occurred (see id. at 253; Sanchez v State of New York, 36 AD3d 1065, 1066 [2007], lv denied 8 NY3d 815 [2007]; Smith v County of Albany, 12 AD3d 912, 913 [2004]). Rather, defendant's duty is limited to providing reasonable care to protect inmates from risks of harm that are reasonably foreseeable, i.e., those that defendant knew or should have known (see Sanchez v State of New York, 99 NY2d at 253, 255; Di Donato v State of New York, 25 AD3d 944, 944 [2006]).

Here, the record supports the finding of the Court of Claims that defendant had neither actual nor constructive notice of the risk of assault upon claimant. There was no evidence that claimant's assailants were prone to perpetuating such an assault or posed a threat to claimant, and claimant himself testified that he had no previous encounters with his assailants, had no reason to believe that he would be the subject of an attack and at no time requested protective custody out of fear for his safety. While it was established that an inmate had been assaulted in the same recreation yard bathroom nearly four years earlier, we agree with the Court of Claims that this single incident was insufficient to establish that defendant should have known of a threat of a future assault. Notably, no additional evidence about the prior incident was presented, such as the security measures and procedures that were in place in the recreation yard at the time of the prior attack and whether the facility's staffing or security procedures have changed since that attack. In the absence of sufficient details about the prior assault, claimant failed to establish that the circumstances of that attack should have led defendant to reasonably foresee future incidents (see Bostic v State of New York, 232 AD2d 837, 839 [1996], lv denied 89 NY2d 807 [1997]; Moss v State of New York, 10 Misc 3d 1060[A], 2005 NY Slip Op 52046[U], *5 [2005]; see generally Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 336 [1986]).

Nor are we persuaded that defendant should have known of the risk of an assault in the bathroom due to the positioning of the correction officers in the recreation yard and the absence of any surveillance or security devices in the bathroom itself. There was no evidence that the correction officers were inattentive or that the location of their posts was inadequate or deficient, and " 'liability cannot be predicated on the mere fact that the officer could not see claimant at the time of the attack' " (Sanchez v State of New York, 99 NY2d at 255 n 4; accord Elnandes v State of New York, 11 AD3d 828, 829 [2004]). Furthermore, although

the bathroom had no windows, cameras, loudspeakers or alarm systems, defendant's "duty to prisoners does not mandate unremitting surveillance in all circumstances" (*Sanchez v State of New York*, 99 NY2d at 256), and claimant produced no evidence of any statute, regulation, rule or policy that mandated that the interior of the recreation yard bathroom be subjected to personal or electronic surveillance. To the contrary, the proof demonstrated that the bathroom was accredited by the American Correctional Association and in compliance with all relevant codes and regulations.* Giving appropriate deference to the Court of Claims' findings, we conclude that its determination that the assault on claimant could not be reasonably foreseen by defendant is based upon a fair interpretation of the evidence.

Finally, to the extent that claimant challenges the dismissal of his negligent design claim, we need only note that the testimony of his expert that the recreation yard bathroom was deficiently designed due to the absence of a window was directly contradicted by defendant's expert, and both agreed that the bathroom design did not violate any applicable codes, regulations or policies of defendant. Under these circumstances, and according deference to the Court of Claims' credibility determinations, we discern no basis for disturbing its dismissal of the claim.

Claimant's remaining contentions, to the extent not specifically addressed herein, have been reviewed and rejected as unavailing.

Cardona, P.J., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Claimant's reliance on a regulation applicable to county jails requiring responsible staff to maintain an "uninterrupted ability to communicate orally with and respond to each prisoner" and an ability to "immediately respond to emergency situations" (9 NYCRR 7003.2 [c] [1], [3]; *see* 9 NYCRR 7003.4), while not irrelevant to a foreseeability analysis (*see Sanchez v State of New York*, 99 NY2d at 251 n 2), does not compel a different result here. This regulation, standing alone, proves only that "such facilities are dangerous places where the possibility of inmate-on-inmate assaults exists [and is] insufficient to establish that a reasonable probability existed that . . . claimant would be attacked" (*Sanchez v State of New York*, 36 AD3d at 1067 [emphasis omitted]).