*701 In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Corrections appeal from an order of the Supreme Court, Kings County (Ash, J.), dated June 20, 2011, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants City of New York and New York City Department of Corrections for summary judgment dismissing the complaint insofar as asserted against them is granted.
While housed at Riker’s Island in a new admissions dormitory where inmates had access to a methadone detoxification unit, the plaintiff was assaulted by another inmate as the inmates formed a line to receive medication. The plaintiff, whose jaw was fractured in the assault, commenced this action against, among others, the City of New York and New York City Department of Corrections (hereinafter together the City defendants), alleging that the City defendants were negligent in failing to exercise appropriate supervision and to provide adequate protection while he was in its custody. The City defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the assault was not reasonably foreseeable. The Supreme Court denied the motion. The City defendants appeal, and we reverse.
“Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, [a municipality] owes a duty of care to safeguard inmates, even from attacks by fellow inmates” (Sanchez v State of New York, 99 NY2d 247, 252 [2002]). However, this duty does not render the municipality an insurer of inmate safety, and negligence cannot be established by the mere occurrence of an inmate assault (id. at 253, 256). Rather, “the scope of the [municipality’s] duty to protect inmates is limited to risks of harm that are reasonably foreseeable” (id. at 253). Both what the City defendants actually knew and what the City defendants should have known fall within the ambit of foreseeability (id. at 253-254).
Here, in moving for summary judgment, the City defendants made a prima facie showing that the attack on the plaintiff was not reasonably foreseeable. The City defendants demonstrated that neither the plaintiff nor the assailant were known gang members or were in custody for violent crimes. The plaintiff *702 testified at his deposition that he did not know his assailant, who, unprovoked, verbally confronted him and “blindsided” him with a punch to the left side of his face. The plaintiff further testified that a correction officer was present and made verbal attempts to prevent the altercation before it began. As another correction officer testified at her deposition that she was also present but did not witness the assault, the presence of two officers to supervise the inmates in the dormitory complied with the facility’s procedures and the standard of “[ajctive supervision” as defined in the State Commission of Correction Minimum Standards and Regulations for Management of County Jails and Penitentiaries (9 NYCRR 7003.2 [c]; 7003.3 [a]), which the plaintiff alleged, and the City defendants conceded, was the proper level of supervision required under the circumstances.
The City defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they had neither actual nor constructive notice of the risk of assault upon the plaintiff (see Vasquez v State of New York, 68 AD3d 1275, 1276-1277 [2009]; Sanchez v State of New York, 36 AD3d 1065, 1066-1067 [2007]; Harris v City of New York, 28 AD3d 223, 223 [2006]; Elnandes v State of New York, 11 AD3d 828, 829 [2004]; cf. Rodriguez v City of New York, 38 AD3d 349, 351-352 [2007]; Smith v County of Albany, 12 AD3d 912, 913-914 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Sanchez v State of New York, 99 NY2d at 254-255). Accordingly, the Supreme Court should have granted the City defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.