12-4263-cv
*Wassmann v. County of Ulster*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand and thirteen.

PRESENT:

> DEBRA ANN LIVINGSTON,
> DENNY CHIN,
> > *Circuit Judges*,
> EDGARDO RAMOS,
> > *District Judge.*[*]

_____

PATRICK J. WASSMANN, JR.,

> *Plaintiff-Appellant*,

    -v.-                                No. 12-4263-cv

COUNTY OF ULSTER, NEW YORK, ULSTER COUNTY SHERIFF'S DEPARTMENT, PAUL J. VAN BLARCUM, Sheriff of Ulster County, JOHN DOES 1 THROUGH 10, unidentified deputies of the Sheriff of Ulster County,

> *Defendants-Appellees*.

_____

_____

[*]The Honorable Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

ROBERT N. ISSEKS (Kevin D. Bloom, Bloom & Bloom, P.C., New Windsor, NY, *on the brief*), Middletown, NY, *for Plaintiff-Appellant*.

ROBERT D. COOK, Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, NY, *for Defendants-Appellees*.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant Patrick J. Wassmann, Jr. ("Wassmann") appeals from a judgment and decision and order, both entered October 3, 2012, of the United States District Court for the Northern District of New York (McAvoy, *J.*), granting the motion of Defendants-Appellees County of Ulster, the Ulster County Sheriff's Department, and Paul J. Van Blarcum (collectively, "Defendants") for summary judgment on Wassmann's § 1983 claim, declining to exercise supplemental jurisdiction over Wassmann's state law negligence claim, and denying Wassmann's cross-motion for leave to file an amended complaint. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

"We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his favor." *McElwee v. Cnty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The present action stems from an assault on Wassmann that occurred while he was incarcerated at the Ulster County Jail (the "Jail"). On July 13, 2010, another inmate at the Jail, Cameren Woodson ("Woodson"), hit Wassmann in the side of head while Wassmann was watching

2

television. Wassmann then filed a complaint seeking, *inter alia*, damages pursuant to 42 U.S.C. § 1983. Wassmann alleged that Defendants were deliberately indifferent to the safety risk posed by violent inmates such as Woodson, thus violating his Eighth Amendment right to be free from cruel and unusual punishment.

Officers at correctional facilities have a duty to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. For an Eighth Amendment violation to have occurred, two requirements must be met. First, the injury suffered by the plaintiff must be "sufficiently serious." *Id.* (internal quotation marks omitted). Second, the responsible officials must have acted with "deliberate indifference to inmate health or safety." *Id.* (internal quotation marks omitted). This latter requirement is subjective, not objective: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Wassmann argues that Defendants were deliberately indifferent to inmate safety because of the manner in which new inmates are assigned housing at the Jail. According to Wassmann, when the Jail receives a new inmate it conducts a formal assessment to determine whether the inmate is suitable for the Jail's general population housing. This assessment considers, among other things, an inmate's criminal history and past "disciplinary behavior." In making this assessment, officials at the Jail will typically examine an inmate's criminal record, his or her disciplinary records from any previous stay at the Jail, and, if the inmate is being directly transferred to the Jail from another correctional facility, his or her disciplinary records from the transferring facility. Absent a direct

3

transfer, however, officials at the Jail generally will not obtain and examine an inmate's disciplinary records from other correctional facilities at which an inmate has previously been assigned. According to Wassmann, this failure to obtain inmate records from other correctional facilities is a policy or custom of the Jail that is contrary to applicable state regulations and poses an unacceptable risk to inmate safety. *See* N.Y. Comp. Codes R. & Regs. tit. 9 § 7013.8(c), (e). Wassmann claims that if officials at the Jail had obtained such records on Woodson they would have learned that he had been disciplined twice before at another facility for fighting.

We agree with the district court that Wassmann has failed to raise a genuine issue as to whether Defendants, in allegedly implementing and carrying out these procedures, acted with the deliberate indifference to inmate safety necessary for an Eighth Amendment claim. In light of the circumstances at the Jail, Defendants' failure to obtain and check all disciplinary records of every new inmate does not demonstrate their awareness of the type of "excessive" or "substantial" risk to inmate safety that implicates the Eighth Amendment. *Farmer*, 511 U.S. at 837. This is particularly true where, as Wassmann concedes is the case here, the Jail does check criminal records, its own disciplinary records, and the disciplinary records from other correctional facilities of inmates directly transferred from those facilities. Moreover, the record contains no evidence that Defendants had reason to suspect that their inmate classification procedures were allowing unacceptably dangerous inmates to enter the Jail's general population. Woodson's case is no exception: there is no evidence that Defendants received any complaints about Woodson's behavior at the Jail prior to the assault, either from Wassmann or from other inmates.

Given this lack of evidence of prior incidents or complaints, a reasonable juror could not conclude from the record that Defendants were actually aware that the Jail's alleged custom of not

4

checking all records of all new inmates posed a risk to inmate safety substantial enough to constitute cruel and unusual punishment under the Eighth Amendment. We have reviewed Wassmann's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment and decision and order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk