■ BIANCA FORD, Appellant, v STATE OF NEW YORK, Respondent. [993 NYS2d 760]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Mignano, J.), dated August 7, 2013, which, after a nonjury

trial, is in favor of the defendant and against her dismissing the claim.

Ordered that the judgment is affirmed, with costs.

The claimant was visiting her boyfriend, a prisoner at the Sing Sing Correctional Facility, a maximum security prison, when she was assaulted by an inmate in the visiting room. The claimant did not know the inmate, and the attack was sudden and unprovoked. Several employees of the New York State Department of Corrections and Community Supervision testified at trial that, to their knowledge, no visitor to the Sing Sing Correctional Facility had ever been attacked by an inmate in the visiting room prior to the subject incident. Following a nonjury trial on the issue of liability, the Court of Claims dismissed the claim.

Contrary to the claimant's contentions, the Court of Claims properly dismissed her claim. Our review of the record of this nonjury trial (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Levin v State of New York*, 32 AD3d 501, 502 [2006]) compels the conclusion that the determination of the Court of Claims, finding that the attack on the claimant was not reasonably foreseeable, was warranted by the facts (*see Flaherty v State of New York*, 296 NY 342 [1947]; *Levin v State of New York*, 32 AD3d 501 [2006]; cf. *Barnette v City of New York*, 96 AD3d 700 [2012]; *Vasquez v State of New York*, 68 AD3d 1275 [2009]).

In view of the foregoing, we do not reach the merits of the remaining contentions raised by the parties. Mastro, J.P., Chambers, Austin and Sgroi, JJ., concur.