================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
----------------------------------------------------------------
No. 153
Adam Villar,
          Respondent,
        v.
Timothy B. Howard, Erie County
Sheriff,
          Appellant.




          Kenneth R. Kirby, for appellant.
          John T. Loss, for respondent.






STEIN, J.:

          General Municipal Law § 50-e (1) (b) provides that

service of a notice of claim upon a public corporation is not a

condition precedent to the commencement of an action against "an

officer, appointee, or employee of [the] public corporation"

unless "the corporation has a statutory obligation to indemnify

- 1 -

such person" under the General Municipal Law "or any other provision of law."  On this appeal, we are asked to determine whether Erie County had a statutory obligation within the meaning of section 50-e (1) (b) to indemnify defendant, the Erie County Sheriff, such that a notice of claim was required.  Because we agree with the Appellate Division that no such statutory obligation exists and we conclude that the complaint was otherwise sufficient to withstand a motion to dismiss, we affirm.

Plaintiff alleges that, while being held for five days at the Erie County Correctional Facility in January 2010, he was sexually assaulted twice in a shower stall by an inmate.  He commenced several actions following these incidents; the complaint in this action alleged that defendant Sheriff breached a duty to protect plaintiff from a reasonably foreseeable hazard of sexual assault, disregarded known risks of harm to inmates vulnerable to sexual abuse by other inmates at the facility, and had actual knowledge of the dangerous propensities of the inmate who assaulted plaintiff.  Defendant moved to dismiss the complaint pursuant to CPLR 3211, arguing that plaintiff failed to serve a notice of claim naming defendant and that the complaint did not state a cognizable cause of action.

Supreme Court granted defendant's motion, dismissing the complaint because "[n]o notice of claim was served nor was permission sought of the court to serve a late notice, prior to the expiration of the statute of limitations applicable to a

sheriff."  The court reasoned that plaintiff was required to serve a notice of claim pursuant to General Municipal Law § 50-e because the County is statutorily obligated to indemnify defendant under "the County legislature's resolution of May 16, 1985."  As relevant here, the court also concluded that the allegedly negligent acts were "inherently discretionary" and that, in any event, plaintiff failed to establish that defendant owed him a duty of care in the first instance.

Upon plaintiff's appeal, the Appellate Division modified by reinstating the complaint except to the extent it alleged that defendant is vicariously liable for the negligence of his employees (126 AD3d 1297 [4th Dept 2015]).  The court held that plaintiff was not required to serve a notice of claim prior to commencing this action because Erie County has no statutory obligation to indemnify defendant (see id. at 1298-1299).  The court further concluded that, pursuant to Correction Law § 500-c, defendant has a duty to safely "keep" the prisoners in the county jail, and rejected defendant's argument that the complaint must be dismissed because his alleged negligence arises from discretionary acts for which he is entitled to governmental immunity, explaining that defendant's argument presents a factual question that cannot be determined at the pleading stage (see id. at 1299).

Addressing first whether a notice of claim was required, we conclude that the Appellate Division properly

rejected defendant's argument that a May 16, 1985 Erie County Resolution entitled "Liability Insurance for the Sheriff's Department" statutorily obligates the county to indemnify defendant Sheriff for purposes of General Municipal Law § 50-e (1) (b).  In the "Whereas" clauses of the resolution, the County noted that the law enforcement liability insurance that it traditionally purchased for the Sheriff's Department had become prohibitively expensive, and that it was obligated to defend and indemnify the Sheriff's Department employees pursuant to a collective bargaining agreement and Public Officers Law § 18, "but the County cannot, under the New York State Constitution, be made responsible for the acts of the Sheriff."  Thus, the County resolved to act as insurer for the Sheriff, in exchange for an annual payment of $1, provided that the County's obligation did not extend to punitive or exemplary damages and that the County would not be made responsible for the acts of the Sheriff or become a party in actions arising out of the acts of the Sheriff.

The resolution, when read as a whole, makes clear that the County agreed to provide "Liability Insurance" for the Sheriff in exchange for consideration because "policies of law enforcement liability insurance paid for by the County" had become prohibitively expensive.  In resolving to act as an insurer, the County recognized -- as was commonly understood at the time -- that it could not statutorily obligate itself to defend and indemnify the Sheriff, as it had agreed to do for the

Sheriff's employees, under the New York State Constitution (see Rep of Law Rev Commn, 1981 McKinney's Session Laws of NY at 2321 and n 47).[1]  Absent the existence of any statutory obligation on the County to indemnify the Sheriff -- as opposed to an agreement to act as his insurer -- the Appellate Division correctly ruled that service of a notice of claim was not required under General Municipal Law § 50-e.

Defendant Sheriff further argues that, to survive a motion to dismiss, the complaint would have to allege that he was present and failed to prevent the attacks on plaintiff, or had specific prior knowledge that plaintiff was particularly vulnerable to assault.  This Court rejected similar arguments with respect to state prison inmates in Sanchez v State of New York on the ground that the defendant sought to "improperly modif[y] the test for foreseeability from what is reasonably to be perceived, to what is actually foreseen, and thus unduly circumscribe[] the standard of care normally due any party: reasonable care under the circumstances" (99 NY2d 247, 254 [2002]).  While the State is by no means an insurer of inmate safety or required to provide unremitting surveillance in all circumstances (see id. at 253, 256), we explained in Sanchez that, "[h]aving assumed physical custody of inmates, who cannot

_____

    [1]  Although the constitutional bar has since been removed (see Bardi v Warren County Sheriff's Dept., 194 AD2d 21, 23 [3d Dept 1993]), Erie County has not adopted an obligation to indemnify the Sheriff or otherwise altered its 1985 resolution.

protect and defend themselves in the same way as those at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow inmates" (id. at 252). Inasmuch as "the Sheriff is [similarly] prescribed, by law, to safely keep inmates of the County Jail" (Adams v County of Rensselaer, 66 NY2d 725, 727 [1985]; see Correction Law § 500-c; Kemp v Waldron, 115 AD2d 869, 870 [3d Dept 1985]), the rule set forth in Sanchez applies equally here. "[A]ccept[ing] the facts as alleged in the complaint as true, accord[ing] plaintiff[] the benefit of every possible favorable inference . . . [and] consider[ing] [the] affidavit[] submitted by . . . plaintiff to remedy any defects in the complaint" (Leon v Martinez, 84 NY3d 83, 87-88 [1994]), we conclude that the complaint adequately set forth a negligence claim to survive a CPLR 3211 (a) (7) motion to dismiss.[2]

Finally, we agree with the Appellate Division that resolution of defendant's argument that he is entitled to governmental immunity -- an affirmative defense on which he bears the burden of proof (see Valdez v City of New York, 18 NY3d 69, 79-80 [2011]) -- is not appropriate at this stage of the proceedings. Defendant's remaining arguments have been rendered academic by our decision. Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs, and the certified question answered in the

_____

[2] Defendant's argument that plaintiff was required to allege a special duty lacks merit (see Sanchez, 99 NY2d 247, 253 n 3 [2002]; Kemp, 115 AD2d 869, 870 [3d Dept 1985]).

affirmative.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order, insofar as appealed from, affirmed, with costs, and
certified question answered in the affirmative.  Opinion by Judge
Stein.  Chief Judge DiFiore and Judges Rivera, Abdus-Salaam and
Garcia concur.  Judges Pigott and Fahey took no part.


Decided October 25, 2016