Devine, J.
Appeal from an order of the Supreme Court (Work, J.), entered June 22, 2015 in Ulster County, which, among other things, granted defendants’ motion for summary judgment dismissing the complaint.
On July 13, 2010, while an inmate at the Ulster County Jail, plaintiff was assaulted by another inmate and sustained injuries. Plaintiff thereafter commenced this negligence action against defendants.* Defendants moved for summary judgment dismissing the complaint following joinder of issue and *1471 discovery, while plaintiff cross-moved for a variety of relief that included summary judgment on the issue of liability. Supreme Court granted defendants’ motion, dismissed the complaint and denied the remainder of the relief sought by plaintiff as moot. Plaintiff now appeals, focusing upon the grant of summary judgment to defendants.
“Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the [s]tate [or its political subdivisions] owe] ] a duty of care to safeguard inmates, even from attacks by fellow inmates” (Sanchez v State of New York, 99 NY2d 247, 252 [2002] [citations omitted]; see Smith v County of Albany, 12 AD3d 912, 913 [2004]). This duty of care does not render the custodial entity “an insurer of inmate safety],] and negligence cannot be inferred merely because an incident occurred” (Vasquez v State of New York, 68 AD3d 1275, 1276 [2009]; Sanchez v State of New York, 99 NY2d at 253). The duty owed is instead “limited to providing reasonable care to protect inmates from risks of harm that are reasonably foreseeable, i.e., those that [the custodial entity or its agents] knew or should have known” (Vasquez v State of New York, 68 AD3d at 1276; see Sanchez v State of New York, 99 NY2d at 253; Smith v County of Albany, 12 AD3d at 913).
Plaintiff alleges, as is relevant here, that defendants were negligent by not taking into account the assailant’s violent conduct while previously imprisoned and placing him in “close custody” at the jail. Defendants did not have actual knowledge that the assailant, who had no disciplinary issues in the leadup to the assault, had violent propensities. Defendants further demonstrated that the information in their possession gave them no reason to believe that the assailant had a specific problem with plaintiff. Plaintiff responds by pointing out that defendants failed to obtain records related to the assailant’s prior time in state prison and that, had they done so, they would have learned that the assailant had engaged in violent conduct while imprisoned in 2003 and 2005.
Plaintiff first argues that a statutory duty existed to obtain those records, and a “violation of a [s]tate statute that imposes a specific duty constitutes negligence per se” (Elliott v City of *1472 New York, 95 NY2d 730, 734 [2001]; see Yenem Corp. v 281 Broadway Holdings, 18 NY3d 481, 489 [2012]; Bauer v Female Academy of Sacred Heart, 97 NY2d 445, 453 [2002]). Correction Law § 500-b (7) (a) states that the reviewing officer “shall exercise good judgment and discretion and shall take all reasonable steps to ensure that the assignment of persons to facility housing units” advances the safety and security of all inmates and that of the facility in general. The statute enumerates a number of factors to consider in that analysis, but an inmate’s history of assaultive behavior or his or her prior prison disciplinary history are not among them (see Correction Law § 500-b [7] [b]; cf. Arnold v County of Nassau, 89 F Supp 2d 285, 299-300 [ED NY 2000], vacated on different grounds 252 F3d 599 [2d Cir 2001] [negligence per se where the custodian disregarded specific criteria set forth in Correction Law § 500-b (7)]). The statute further lacks a specific requirement that the reviewing officer obtain all records pertaining to an inmate, instead directing a review of whatever “relevant and known” records are “accessible and available” (Correction Law § 500-b [7] [c] [3]). The statute accordingly creates a “possibility of exceptions . . . significant enough to justify a case-by-case determination of negligence without the automatic imposition of negligence under the negligence per se doctrine,” although a failure to obtain specific records could well constitute evidence of negligence in a given case (Dance v Town of Southampton, 95 AD2d 442, 447 [1983]; see Schmidt v Merchants Despatch Transp. Co., 270 NY 287, 305 [1936]).
Turning to whether questions of fact exist as to plaintiff’s common-law negligence claim, the regulations implementing Correction Law § 500-b direct that the reviewing official consider an inmate’s “attitude and behavior during present and prior incarceration(s)” in making a housing assignment, necessitating a review of disciplinary records from prior stays in prison (9 NYCRR 7013.8 [c] [8] [emphasis added]). The reviewing official here, defendant Michael Coughlin, did not consider the assailant’s prior prison disciplinary records, and that omission constituted a violation of the regulation that is “some evidence of negligence” (Bauer v Female Academy of Sacred Heart, 97 NY2d at 453). Coughlin completed a classification worksheet reflecting that, even without factoring in the assailant’s conduct while previously confined, the assailant should be placed in close custody due to his violent criminal history and the existence of a detainer warrant against him. Inasmuch as the assailant had “never been in [the jail] and [was not] a discipline problem,” however, Coughlin disregarded the classification suggested by those “policies and practices *1473 designed to address” risks to the safety of others and placed the assailant in general population (Sanchez v State of New York, 99 NY2d at 254; see Brown v City of New York, 95 AD3d 1051, 1052 [2012]). Coughlin averred that he still would have allowed the assailant to enter general population had he known of the assailant’s prior disciplinary history, as the incidents of violence occurred several years before the events at issue here. Nevertheless, the foregoing raises questions of fact as to whether defendants may have failed to take action to address a reasonably foreseeable threat that resulted in the assault upon plaintiff, and those questions must be resolved at trial (see Smith v County of Albany, 12 AD3d at 913-914).
McCarthy, J.P., Garry, Lynch and Clark, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants’ motion for summary judgment dismissing the complaint; motion denied; and, as so modified, affirmed.

 Plaintiff previously commenced a federal action against defendants, asserting a cause of action under 42 USC § 1983, that was dismissed due to the absence of proof that defendants “acted with the deliberate indifference to inmate safety necessary for an Eighth Amendment claim” (Wassmann v *1471 County of Ulster, N.Y., 528 Fed Appx 105, 107 [2d Cir 2013]). Defendants make much of that dismissal on appeal, but it suffices to say that “deliberate indifference . . . requires more than [the] showing of mere negligence” demanded of plaintiff here (Rodriguez v City of New York, 87 AD3d 867, 869 [2011] [internal quotation marks and citations omitted]; see Farmer v Brennan, 511 US 825, 835 [1994]).