McAllister v City of New York (2018 NY Slip Op 01909)





McAllister v City of New York


2018 NY Slip Op 01909


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-10531
 (Index No. 15446/11)

[*1]Jonathan McAllister, Jr., appellant, 
v
City of New York, et al., respondents.


The Jacob D. Fuchsberg Law Firm, LLP, New York, NY (Allyson L. Stein and Alan Fuchsberg of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Daniel Matza-Brown of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated December 5, 2014. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 9, 2010, while incarcerated at Rikers Island, the plaintiff's jaw was fractured when another inmate assaulted him in the gym of the Robert N. Davoren Center. The plaintiff commenced this action alleging, inter alia, that the defendants were negligent in failing to exercise appropriate supervision. The defendants moved, inter alia, for summary judgment dismissing the cause of action alleging negligent supervision. The Supreme Court granted that branch of the motion. The plaintiff appeals.
A municipality owes a duty of care to inmates in correctional facilities to safeguard them from attacks from other inmates (see Sanchez v State of New York, 99 NY2d 247, 252; Barnette v City of New York, 96 AD3d 700, 701). This duty, however, does not place the municipality in the role of insurers of inmate safety (see Sanchez v State of New York, 99 NY2d at 256; Barnette v City of New York, 96 AD3d at 701). Rather, "the scope of the [municipality's] duty to protect inmates is limited to risks of harm that are reasonably foreseeable" (Sanchez v State of New York, 99 NY2d at 253; see Vasquez v State of New York, 68 AD3d 1275, 1276; Codrington v State of New York, 19 AD3d 443, 444). Foreseeability includes what the defendant municipality knew or should have known (see Barnette v City of New York, 96 AD3d at 701; Vasquez v State of New York, 68 AD3d at 1276).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the assault upon the plaintiff was not reasonably foreseeable. In this regard, the defendants' submissions demonstrated that the plaintiff's assailant was not a known gang member, had no prior incidents of fighting or aggressive behavior while at Rikers Island, and was not classified as high risk for fighting. Additionally, their submissions established that the plaintiff [*2]did not know or see his assailant, who, without provocation, punched him in the jaw, and that at the time there was a correction officer present providing the proper level of supervision in accordance with the applicable standard of "active supervision" as defined in the State Commission of Correction Minimum Standards and Regulations for Management of County Jails and Penitentiaries (9 NYCRR 7003.2[c]; 7003.4[a]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The opinion of the plaintiff's expert that the defendants provided inadequate supervision and that the risk of assault upon the plaintiff was foreseeable was conclusory, speculative, and unsupported by the record (see Grosskopf v 8320 Parkway Towers Corp., 88 AD3d 765, 766; Micciola v Sacchi, 36 AD3d 869, 871). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the negligent supervision cause of action.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court