Campbell v State of New York (2020 NY Slip Op 05103)





Campbell v State of New York


2020 NY Slip Op 05103


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

529575

[*1]Phillip Campbell, Appellant,
v
State of New York, Respondent.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Franzblau Dratch, PC, New York City (Brian M. Dratch of counsel), for appellant.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Devine, J.
Appeal from a judgment of the Court of Claims (Schaewe, J.), entered June 4, 2019, upon a decision of the court in favor of defendant.
Claimant often played basketball while incarcerated at Sullivan Correctional Facility and, in May 2015, was punched by a fellow player and inmate after one of the games. He commenced this action to recover damages for the resulting injuries, alleging that defendant failed to protect him from the assault. Following a bench trial on the issue of liability, the Court of Claims dismissed the claim. Claimant appeals.
We affirm. Defendant is obliged to safeguard inmates in its care, including from attacks by other inmates, but that "duty is limited to providing reasonable care to protect [them] from risks of harm that are reasonably foreseeable, i.e., those that defendant knew or should have known" (Vasquez v State of New York, 68 AD3d 1275, 1276 [2009]; see Sanchez v State of New York, 99 NY2d 247, 253, 255 [2002]; Wassmann v County of Ulster, 144 AD3d 1470, 1471 [2016]). As a result, " [t]he mere occurrence of an inmate assault, without credible evidence that the assault was reasonably foreseeable, cannot establish the negligence of" defendant (Sanchez v State of New York, 99 NY2d at 256; see Vasquez v State of New York, 68 AD3d at 1276; Elnandes v State of New York, 11 AD3d 828, 829 [2004]).
According deference to the credibility assessments of the Court of Claims (see Woehrel v State of New York, 178 AD3d 1169, 1170 [2019]; Howell v State of New York, 169 AD3d 1208, 1209 [2019], lv denied 33 NY3d 907 [2019]), the trial evidence shows that claimant and his assailant had no prior issues with each other. Each was displeased with the other's performance on the basketball court on the day of the assault, however, and berated each other after the game. Claimant testified that he felt threatened by one of the assailant's statements during the dispute but, given the context, that statement could have readily been a promise to beat claimant on the basketball court rather than to beat him outright. Indeed, claimant and the assailant agreed that no explicit threats of violence were made during the dispute, which a witnessing recreation program leader described as "trash talk" among players that was common and had never led to violence in the past. The program leader added that he did not see or hear anything to make him think that the dispute between claimant and the assailant was different, and a nearby correction officer testified that he had no indication that violence was brewing. The violence itself amounted to the assailant losing his temper a few minutes into the dispute and throwing a single punch at claimant, at which point both agreed that the correction officer immediately intervened. Our independent review of the foregoing proof leads us to agree with the Court of Claims that defendant neither knew nor should have known of the risk of assault and, thus, dismissal of the claim was warranted (see Vasquez v State of New York, 68 AD3d at 1276-1277; see also Barnette v City of New York, 96 AD3d 700, 701-702 [2012]; Elnandes v State of New York, 11 AD3d at 829).
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.