Strong v State of New York (2025 NY Slip Op 01965)

Strong v State of New York

2025 NY Slip Op 01965

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-02172
2022-02173

[*1]Steven Strong, appellant 
v
State of New York, respondent. (Claim No. 128320)

Andrew F. Plasse, Flushing, NY, for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Anthony R. Raduazo of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (Walter Rivera, J.), dated January 12, 2022, and (2) a judgment of the same court dated February 15, 2022. The judgment, upon the decision, made after a nonjury trial, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In December 2015, the claimant, while incarcerated at Green Haven Correctional Facility, allegedly was injured when another inmate (hereinafter the assailant) punched the claimant in the face, rendering him unconscious. The day prior to the assault, the assailant had been released back to the general population from the Residential Crisis Treatment Program (hereinafter RCTP). The RCTP was described as a special unit within the correctional facility in which mental health services were provided by the Office of Mental Health (hereinafter OMH) to address an inmate's mental health crisis until the crisis was resolved and the inmate could transition back to the general population. The claimant commenced this claim, alleging that the defendant, the State of New York, was negligent in its supervision of the inmates and in releasing the assailant to the general population. After a trial on the issue of liability, the Court of Claims, in a decision dated January 12, 2022, determined that the claimant failed to establish by a preponderance of the credible evidence that the State knew or reasonably should have known that the assailant would attack another inmate. A judgment subsequently was issued in favor of the defendant and against the claimant dismissing the claim. The claimant appeals.
In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, bearing in mind in a close case the fact that the trial judge had the advantage of seeing the witnesses and hearing the testimony (see Northern Westchester Professional Park Assoc. v Town of [*2]Bedford, 60 NY2d 492, 499). "Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow inmates" (Sanchez v State of New York, 99 NY2d 247, 252; see Villar v Howard, 28 NY3d 74, 80). "That duty does not, however, render the State an insurer of inmate safety. Like other duties in tort, the scope of the State's duty to protect inmates is limited to risks of harm that are reasonably foreseeable" (Sanchez v State of New York, 99 NY2d at 253; see Villar v Howard, 28 NY3d at 80). "[F]oreseeability is defined not simply by actual notice but by actual or constructive notice—by what the State knew or had reason to know" (Sanchez v State of New York, 99 NY2d at 255 [emphasis and internal quotation marks omitted]).
The evidence at trial established that the claimant did not know the assailant, had never interacted with the assailant, and acknowledged having no reason to fear the assailant or to anticipate an attack. It is undisputed that the attack occurred suddenly and that a correction officer was present and responded immediately. Further, the assailant's psychiatric treatment reports and disciplinary records established that the assailant was not known to be a danger to other inmates, that he was placed in the RCTP approximately one week prior to the assault, and that after one week of treatment, OMH staff deemed the assailant stable and released him to the general population. The determination of the Court of Claims that the attack was not reasonably foreseeable was warranted by the facts (see Gordon v City of New York, 70 NY2d 839, 841; McAllister v City of New York, 159 AD3d 887, 888; Barnette v City of New York, 96 AD3d 700, 701-702; Smart v State of New York, 65 AD3d 1218; Codrington v State of New York, 19 AD3d 443).
The State's remaining contention is improperly raised for the first time on appeal.
CHAMBERS, J.P., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court