■ NAEEM BROWN, Appellant, v CITY OF NEW YORK et al., Respondents. [944 NYS2d 599]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated May 4, 2011, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

On April 6, 2007, at the Anna M. Kross Center at Riker's

Island, the plaintiff allegedly was injured when another inmate assaulted him and broke his jaw. The plaintiff commenced this action to recover damages for personal injuries against the defendants, the City of New York and the New York City Department of Corrections, on the ground that they breached their duty to protect him from foreseeable assaults from other inmates. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion, and the plaintiff appeals.

A municipality owes a duty to inmates in correctional facilities to safeguard them from foreseeable assaults from other inmates (see Sanchez v State of New York, 99 NY2d 247, 253 [2002]; Vasquez v State of New York, 68 AD3d 1275, 1275-1276 [2009]). Foreseeability of an inmate-on-inmate assault is not limited to situations in which the municipality had actual knowledge of a danger, but also includes situations in which the municipality had constructive notice of the danger (see Sanchez v State of New York, 99 NY2d at 255). In determining whether the municipality had "reason to know" about a danger, its knowledge of the particular inmates is relevant, but so are its knowledge of risks to a class of inmates, its expertise or prior experience, and its own policies and practices designed to address the risks (id. [internal quotation marks omitted]).

Here, the defendants, as the parties seeking summary judgment, bore the burden of establishing that the assault on the plaintiff was not foreseeable (id. at 254-255; Smith v County of Albany, 12 AD3d 912, 913 [2004]; Serpa v County of Nassau, 280 AD2d 596 [2001]; see generally Stukas v Streiter, 83 AD3d 18, 24-25 [2011]). The defendants argued, inter alia, that the assault on the plaintiff was not foreseeable to them, given the plaintiff's deposition testimony that, in effect, it was not foreseeable to the plaintiff. A defendant's duty, however, is not measured by whether the assault was foreseeable to the plaintiff, but by whether it was foreseeable to the defendant. Here, the defendants failed to submit any evidence to show that they lacked knowledge of any danger presented by the assailant. Therefore, they failed to establish their prima facie entitlement to judgment as a matter of law. A moving defendant's failure to carry its initial burden requires denial of the motion, without regard to the sufficiency of the papers submitted in opposition (see Rodriguez v Tribeca 105, LLC, 93 AD3d 655 [2012]; Eum v Stephens, 93 AD3d 632 [2012]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint (see Sanchez v State of New York, 99 NY2d at 256). Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.