■ Tarsheka Luckey et al., Appellants, v City of New York et al., Respondents. [991 NYS2d 34]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered December 7, 2012, which, sua sponte, dismissed the 42 USC § 1983 claim against defendant Connie Rashid, and granted the other defendants' motion for summary judgment dismissing the complaint, except that portion of the medical malpractice claims predicated on the failure to prescribe controller medication, unanimously modified, on the law, to deny the motion with regard to the negligence claim against the City and the section 1983 claims against defendant Myrtle Powell, and reinstate the section 1983 claim against defendant Rashid, and otherwise affirmed, without costs.

Plaintiffs' decedent was an inmate at Rikers Island who was treated for chronic asthma during the few weeks in which she was incarcerated before her death. The court incorrectly dismissed the negligence claims against the City, as there are triable issues of fact about whether the response of its correction officers breached a duty to protect decedent from reason-

ably foreseeable harm in providing emergency medical assistance once she complained of difficulty breathing and otherwise exhibited signs of an asthma attack (*see generally Sanchez v State of New York*, 99 NY2d 247 [2002]). Dozens of eyewitnesses provided conflicting accounts regarding, among other things, the timing of the officers' calls for medical assistance, and whether resuscitative efforts undertaken before medical personnel arrived were performed by the officers or whether other inmates took such measures in the face of inaction by the officers. Plaintiffs' expert affirmation raised triable issues of fact as to the adequacy of the officers' response and the soundness of defendants' expert's opinions. The City's reliance on governmental immunity is unavailing, since there are triable issues of fact as to whether the death was caused in part by a negligent failure to comply with mandatory rules and regulations of the New York City Department of Corrections (DOC), requiring, among other things, that correction officers respond immediately in a medical emergency, and that officers who are trained and certified in CPR administer CPR where appropriate (*see Valdez v City of New York*, 18 NY3d 69, 80 [2011]).

Similarly, the court incorrectly dismissed plaintiffs' 42 USC § 1983 claim against Powell, since there are triable issues of fact about whether her conduct constituted "deliberate indifference" to decedent's "serious medical needs" (*Estelle v Gamble*, 429 US 97, 103-105 [1976]). Powell also failed to establish her entitlement to qualified immunity (*see Anderson v Creighton*, 483 US 635, 638 [1987]).

The court correctly dismissed plaintiffs' section 1983 claim against Perry. There is no indication in the record that Perry contributed to the decedent's death in any way. Rather, his involvement as Director of DOC's Investigations Division was to oversee the investigation of this incident after decedent's death. He had no responsibility for creating guidelines or procedures for the response to inmates' medical conditions or the provision of medical services to inmates. There is nothing before us that would warrant the imposition of section 1983 liability against him.

The court should not have dismissed plaintiffs' section 1983 claim against defendant Rashid, who did not move for summary judgment, in light of the default judgment entered against her in this action.

The court correctly dismissed the section 1983 claim against the City. Although the face of the complaint does not contain a section 1983 claim against the City, and plaintiffs' bill of particulars clarified that they have made no such claim, the parties'

submissions in their appellate briefs have treated the complaint as asserting such a claim. There is, however, no evidence of a "policy or custom" evincing deliberate indifference to the rights of inmates (*Connick v Thompson*, 563 US —, —, 131 S Ct 1350, 1359-1360 [2011]). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action" (563 US at —, 131 S Ct at 1360 [internal quotation marks and citation omitted]). "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights" (563 US at —, 131 S Ct at 1360).

Here, the two employees allegedly acting unconstitutionally were involved in the very incident for which section 1983 damages are sought against the City. Accordingly, their conduct could not have put the City on prior notice that its training was deficient, sufficient to demonstrate the City's "deliberate indifference" (563 US at —, 131 S Ct at 1360).

The court properly found, in the alternative to its dismissal of the section 1983 claims, that plaintiffs are precluded from seeking damages for loss of enjoyment of life or loss of familial association, such damages being inapplicable to this wrongful death action (*see Banks ex rel. Banks v Yokemick*, 177 F Supp 2d 239, 246 n 5 [SD NY 2001]; *see also McCray v City of New York*, 2007 WL 4352748, *27, 2007 US Dist LEXIS 90875, *94-96 [SD NY, Dec. 11, 2007, Nos. 03-Civ-9685, 03-Civ-9974, 03-Civ-10080 (DAB)]).

We have considered plaintiffs' remaining arguments for affirmative relief and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.