In an action, inter alia, to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Feinman, J.), dated March 7, 2016, which denied their motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The injured plaintiff, and her husband suing derivatively, commenced this action against the County of Nassau and the Nassau County Police Department (hereinafter together the defendants), inter alia, to recover damages for personal injuries after the injured plaintiff, while detained at the Seventh Precinct station house, jumped out of the second floor window in an attempt to commit suicide. The complaint alleged causes of action to recover damages for negligence, assault and battery, civil rights violations pursuant to 42 USC § 1983, and loss of consortium. The defendants moved for summary judgment dismissing the complaint on the ground that they had no knowledge of the injured plaintiff’s risk of suicide. The Supreme Court denied the motion, and the defendants appeal.
 

 The Supreme Court properly denied the defendants’ motion. The County owes a duty of care to protect its prisoners, even from self-inflicted harm (see Gordon v City of New York, 70 NY2d 839, 840 [1987]; see generally O’Grady v City of Fulton, 4 NY2d 717 [1958]). However, the County is not an insurer of prisoner safety and negligence cannot be inferred merely because an incident occurred (see Sanchez v State of New York, 99 NY2d 247, 256 [2002]; Barnette v City of New York, 96 AD3d 700, 701 [2012]; Smith v County of Albany, 12 AD3d 912, 913 [2004]; Wilson v Sponable, 81 AD2d 1, 7 [1981]). Rather, the County’s duty is limited to providing reasonable care to protect prisoners from risks of harm that are reasonably foreseeable, i.e., those that the County knew or should have known (see Matter of Bezio v Dorsey, 21 NY3d 93, 104-105 [2013]; Sanchez v State of New York, 99 NY2d at 253, 255; see generally Palsgraf v Long Is. R.R. Co., 248 NY 339, 344 [1928]).
 

 Here, the defendants, as the parties seeking summary judgment, bore the burden of establishing that the injured plaintiff’s attempt to commit suicide was not foreseeable (see Sanchez v State of New York, 99 NY2d at 254-255; Brown v City of New York, 95 AD3d 1051, 1052 [2012]; Smith v County of Albany, 12 AD3d 912, 913 [2004]; Serpa v County of Nassau, 280 AD2d 596 [2001]; see generally Stukas v Streiter, 83 AD3d 18, 24-25 [2011]). Both the injured plaintiff and her husband, Louis Iannelli (hereinafter Mr. Iannelli), testified at their respective depositions and the General Municipal Law § 50-h hearings that Mr. Iannelli told one of the detectives at the time of the injured plaintiff’s arrest that the injured plaintiff had been hospitalized recently for attempted suicide. The plaintiffs also both testified that the injured plaintiff told another detective that she needed her prescription medication but the detective would not permit her to bring it to the station house. The injured plaintiff testified that while she was being placed by the arresting detectives in a second floor holding cell at the station house, she told the detectives that she suffered from claustrophobia and anxiety and had just gotten out of the hospital. During the 40-minute period she was in the holding cell, she was crying and begging for someone to open the cell door. Someone unlocked the cell door. She was able to wiggle her hands out of the handcuffs and push the door open. She ran to an open window directly across from the cell door and jumped out. The injured plaintiff further testified that as she lay injured on the ground, some unidentified police officers kicked her in the back and accused her of trying to escape. The defendants’ submissions failed to eliminate triable issues of fact as to whether the defendants knew or should have known that the injured plaintiff posed a risk of harm to herself and whether the defendants “failed to use adequate supervision to prevent that which was reasonably foreseeable” (Colon v State of New York, 209 AD2d 842, 843 [1994]; see Sanchez v State of New York, 99 NY2d 247 [2002]; Serpa v County of Nassau, 280 AD2d 596 [2001]; Blake v State of New York, 259 AD2d 878 [1999]). Moreover, the defendants’ submissions failed to eliminate triable issues of fact as to whether they violated 42 USC § 1983 by depriving the injured plaintiff of her Fourteenth Amendment right to adequate medical care (see Andrews v County of Cayuga, 142 AD3d 1347, 1349 [2016]), whether they committed assault and battery (see Holland v City of Poughkeepsie, 90 AD3d 841, 846 [2011]), and Mr. Iannelli’s claim for loss of consortium (see Millington v Southeastern El. Co., 22 NY2d 498, 502 [1968]; Rakich v Lawes, 186 AD2d 932, 934-935 [1992]; cf. Briggs v Butterfield Mem. Hosp., 104 AD2d 626 [1984]). Since the defendants failed to meet their initial burden, the Supreme Court properly denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Brown v City of New York, 95 AD3d at 1052).
 

 The defendants’ remaining contention is without merit.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.