In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Pitts J.), dated June 30, 2015, which denied its motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff, while an inmate at a medium security correctional facility in the County of Suffolk, became embroiled in an altercation with an inmate who had been assigned to distribute lunch to the other inmates. A number of other inmates joined in the fray. There was one corrections officer assigned to the dormitory where the altercation occurred, who telephoned for help from other officers, and thereafter the inmates dispersed.
 

 The plaintiff commenced this action against the County to recover damages for the injuries he allegedly sustained as a result of the altercation, as well as for injuries allegedly caused by a failure to afford him timely, adequate medical attention. The County moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The County appeals.
 

 “Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the [municipality owes] a duty of care to safeguard inmates, even from attacks by fellow inmates” (Sanchez v State of New York, 99 NY2d 247, 252 [2002]). “Like other duties in tort, the scope of the . . . duty to protect inmates is limited to risks of harm that are reasonably foreseeable” (id. at 253). On its motion for summary judgment, the County had the burden of establishing that the assault of the plaintiff was not foreseeable (see id. at 254; Brown v City of New York, 95 AD3d 1051, 1052 [2012]). The County did not meet that burden, as it failed to eliminate triable issues of fact as to whether it knew or should have known of the dangerous propensity of certain inmates involved in the assault, or of prior similar incidents occurring while meals were being distributed by inmates. Evidence submitted by the County indicated that such altercations involving inmates distributing meals occurred monthly. Moreover, the County also failed to eliminate triable issues of fact as to the adequacy of the measures taken to prevent reasonably foreseeable harm (see Serpa v County of Nassau, 280 AD2d 596 [2001]).
 

 With respect to the second cause of action, which alleged a failure to provide the plaintiff with timely, adequate medical attention, a municipality owes a duty to its incarcerated citizens to provide them with adequate medical care (see Mullally v State of New York, 289 AD2d 308 [2001]; Stanback v State of New York, 163 AD2d 298 [1990]). The County did not submit the affidavit of an expert attesting to the adequacy of the medical care provided to the plaintiff. Its attorney’s conclusory assertion that the plaintiff received timely, adequate medical care, together with its submission of the plaintiff’s medical records, failed to establish the County’s prima facie entitlement to judgment as a matter law dismissing the second cause of action (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
 

 Since the County failed to satisfy its burden of establishing its entitlement to judgment as a matter of law, its motion for summary judgment was properly denied without regard of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Austin, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.