Gilhooly v County of Suffolk (2018 NY Slip Op 05754)





Gilhooly v County of Suffolk


2018 NY Slip Op 05754


Decided on August 15, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-11914
 (Index No. 37615/10)

[*1]Edward Gilhooly, appellant, 
v
County of Suffolk, respondent, et al., defendant.


Ferro, Kuba, Mangano, Sklyar, P.C., Hauppauge, NY (Rebecca Fortney and Kenneth E. Mangano of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Christopher A. Jeffreys of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Daniel Martin, J.), dated October 5, 2015. The order granted the motion of the defendant County of Suffolk for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff was an inmate at a minimum security correctional facility and sustained injuries when a fellow inmate assaulted him. He commenced this action to recover damages for personal injures, alleging negligent supervision. The defendant County of Suffolk moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiff appeals.
The County owes a duty of care to safeguard inmates from attacks by fellow inmates, but it is not an insurer of inmate safety (see Sanchez v State of New York, 99 NY2d 247, 252-253; Barnette v City of New York, 96 AD3d 700, 701). Its duty is limited to providing reasonable care to protect inmates from risks of harm that are reasonably foreseeable (see Sanchez v State of New York, 99 NY2d at 253; Iannelli v County of Nassau, 156 AD3d 767, 768; Melvin v State of New York, 101 AD3d 1654, 1654-1655).
We agree with the Supreme Court's determination to grant the County's motion for summary judgment dismissing the complaint insofar as asserted against it. The County established its prima facie entitlement to judgment as a matter of law by demonstrating that the assault upon the plaintiff was not reasonably foreseeable. In opposition, the plaintiff failed to raise a triable issue of fact (see McAllister v City of New York, 159 AD3d 887, 888; cf. Adeleke v County of Suffolk, 156 AD3d 748, 749).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court