Metcalf v County of Erie (2023 NY Slip Op 04419)

Metcalf v County of Erie

2023 NY Slip Op 04419

Decided on August 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

452 CA 22-01522

[*1]RICHARD METCALF, SR., AS ADMINISTRATOR OF THE ESTATE OF RICHARD METCALF, JR., DECEASED, PLAINTIFF-RESPONDENT-APPELLANT,
v
COUNTY OF ERIE, ROBERT DEE, MATTHEW CROSS, SCOTT EVANS, MICHAEL ANDERSON, MATTHEW O'CONNELL, EDWARD KAWALEK, ROBERT STATES, SCOTT EMERLING, RICHARD FRYS, DEFENDANTS-APPELLANTS-RESPONDENTS, ET AL., DEFENDANTS. 

LIPPES MATHIAS LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT COUNTY OF ERIE. 
PERSONIUS MELBER LLP, BUFFALO (BRIAN M. MELBER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT ROBERT DEE.
BENGART & DEMARCO, LLP, TONAWANDA (STEVEN B. BENGART OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT MATTHEW CROSS. 
 

 Appeals and cross-appeal from an order of the Supreme Court, Erie County (Mark J. Grisanti, A.J.), entered September 13, 2022. The order granted in part and denied in part motions by defendants-appellants-respondents for summary judgment. 
It is hereby ORDERED that the order so appealed from is modified
on the law by granting the motion of defendants County of Erie, Scott Evans, Michael Anderson, Matthew O'Connell, Edward Kawalek, Robert States, Scott Emerling, and Richard Frys insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Kawalek, States, and Emerling in their official and individual capacities on the theory that they deprived decedent of proper mental health care and insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Emerling in his official and individual capacities on the theory that he deprived decedent of proper medical treatment after decedent was removed from his cell; granting the motion of defendant Robert Dee insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Dee in his official and individual capacities on the theory that he deprived decedent of proper mental health care; and granting the motion of defendant Matthew Cross insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Cross in his official and individual capacities on the theory that he deprived decedent of proper mental health care; and as modified the order is affirmed without costs.
Memorandum: While being held on criminal charges at the Erie County Holding Center (Holding Center), which is operated by defendant County of Erie (County) through the Erie [*2]County Sheriff's Department (ECSD), plaintiff's decedent began exhibiting unusual behavior in his cell by using a plastic fork to dig into his skin, biting his hands and arms to the point of drawing blood, and then spitting that blood from his mouth. Defendants Matthew O'Connell and Richard Frys, who were members of ECSD stationed at the Holding Center, first noticed decedent's behavior and, thereafter, multiple members of ECSD, including defendants Robert Dee, Matthew Cross, Edward Kawalek, Robert States, and Scott Emerling, responded to decedent's cell where they witnessed decedent engaging in self-harming behavior and repeatedly exclaiming that he was "radioactive." Dee instructed officers to enter the cell and restrain decedent. The officers used force to take decedent down to his bed and then to the floor, where the officers were able to handcuff decedent's arms behind his back. Plaintiff alleges that the officers, in fact, assaulted and physically battered decedent while in the cell. Dee directed the officers to take decedent to the infirmary for medical attention.
In an examination room at the infirmary, officers restrained decedent by placing him face down on an exam table, with Cross positioned at his head, Dee at his left arm, Emerling at his right wrist and arm, and Kawalek and States at his legs. Additional members of ECSD, including Frys and defendants Scott Evans and Michael Anderson, were in the examination room or just outside it in the hallway. Decedent's arms remained cuffed behind his back, and he continued to physically struggle, yell, and spit bloody saliva. Although Dee requested that a registered nurse working in the infirmary evaluate decedent, the registered nurse could do nothing more than a visual exam due to decedent's behavior. Dee ordered that a spit hood be placed on decedent, which was done by Cross, but decedent continued to struggle against the officers' hold after the spit hood was secured over his head. While decedent was so restrained, the registered nurse, with assistance from Evans, obtained authorization to send decedent to a hospital for more advanced care and called an ambulance for transportation. In the meantime, decedent chewed through the spit hood. Dee therefore ordered that a pillowcase be placed over decedent's head while the spit hood remained secured thereto. Cross placed the pillowcase over decedent's head.
Emergency medical technicians (EMTs) responded to the infirmary, and decedent was transferred, face down, onto the EMTs' gurney with the pillowcase remaining over his head. Decedent was then escorted out of the Holding Center to an ambulance and rushed to a hospital because he was experiencing cardiac arrest. The exact location where decedent lost consciousness and went into cardiac arrest is one of the details disputed by the parties. Decedent remained unresponsive until he was removed from life support two days after the events at the Holding Center.
Plaintiff thereafter commenced this action against, among others, the County and the abovementioned ECSD officers in their official and individual capacities (collectively, defendants). The first cause of action alleged that defendants were liable for assault, battery, and intentional infliction of emotional distress (IIED). Under the second cause of action, as amplified by the bill of particulars, plaintiff asserted claims for negligent deprivation of adequate medical care and for unlawful deprivation of medical treatment in violation of 42 USC § 1983, each premised on theories that defendants or their agents deprived decedent of proper mental health care and deprived decedent of proper medical treatment after he was removed from his cell. The third cause of action alleged that defendants were liable for use of excessive force in violation of 42 USC § 1983. The fourth cause of action alleged, in relevant part, that the County was liable for negligent hiring, retention, and supervision. The fifth cause of action alleged that defendants were liable for wrongful death. We note that we previously affirmed an order that, among other things, granted the motion of certain defendants, including the County, seeking summary judgment dismissing the fourth cause of action (Metcalf v County of Erie, 173 AD3d 1799 [4th Dept 2019]).
The County, Evans, Anderson, O'Connell, Kawalek, States, Emerling, and Frys (collectively, County defendants) thereafter moved for summary judgment dismissing the remaining causes of action as asserted against the County, the second and third causes of action as asserted against Evans, Anderson, O'Connell, Kawalek, States, Emerling, and Frys in their official capacities, and all causes of action as asserted against Evans, Anderson, O'Connell, Kawalek, States, Emerling, and Frys in their individual capacities. Cross separately moved for summary judgment dismissing all causes of action as asserted against him in his official and individual capacities. Dee separately moved for summary judgment dismissing all causes of [*3]action as asserted against him in his individual capacity and the second and third causes of action as asserted against him in his official capacity.
Supreme Court granted the County defendants' motion insofar as it sought summary judgment dismissing the first and third causes of action as asserted against the County, all causes of action as asserted against Evans, Anderson, O'Connell, and Frys, and the claim for IIED under the first cause of action as asserted against Kawalek, States, and Emerling. The court denied the County defendants' motion insofar as it sought summary judgment dismissing the second and fifth causes of action as asserted against the County, as well as the assault and battery claims under the first cause of action and the second, third, and fifth causes of action as asserted against Kawalek, States, and Emerling. The court also granted the respective motions of Dee and Cross insofar as those motions sought summary judgment dismissing the claim for IIED under the first cause of action as asserted against Dee and Cross, but the court denied those motions insofar as they sought summary judgment dismissing the assault and battery claims under the first cause of action and the second, third, and fifth causes of action as asserted against Dee and Cross.
The County defendants, Dee, and Cross each appeal, and plaintiff cross-appeals.
With respect to their appeal, the County defendants contend that the court erred in denying their motion insofar as it sought summary judgment dismissing the second cause of action as asserted against the County because, while the court determined that there was an issue of fact whether the County's medical agents negligently or unlawfully deprived decedent of medical treatment, plaintiff improperly raised that theory of liability for the first time in opposition to the County defendants' motion. Contrary to the County defendants' contention, however, we conclude upon our review of the record that plaintiff did not raise a new theory of liability in opposition to the County defendants' motion (see Braxton v Erie County Med. Ctr. Corp., 208 AD3d 1038, 1041-1042 [4th Dept 2022]; Gilfus v CSX Transp., Inc., 79 AD3d 1671, 1672-1673 [4th Dept 2010]). The County defendants relatedly contend that, to the extent plaintiff properly asserted under the second cause of action a state tort claim for negligence arising from medical care provided or withheld by the County's medical agents, the court erred in denying their motion insofar as it sought to dismiss that claim because plaintiff failed to include any allegations of deprivation of medical treatment in his amended notice of claim. That contention is not properly before us, however, inasmuch as the County defendants raised it for the first time in their reply papers (see Beck v City of Niagara Falls, 169 AD3d 1528, 1529 [4th Dept 2019], amended on rearg on other grounds 171 AD3d 1573 [4th Dept 2019]; Cumpston v Marcinkowska, 275 AD2d 340, 341 [2d Dept 2000]). With respect to the merits of the County defendants' motion, we conclude that the court properly denied the motion to the extent that it sought summary judgment dismissing the claim under the second cause of action for negligent deprivation of adequate medical care by the County's medical agents inasmuch as the County defendants failed to meet their initial burden on the motion (see Iannelli v County of Nassau, 156 AD3d 767, 768-769 [2d Dept 2017]; Andrews v County of Cayuga, 96 AD3d 1477, 1477-1478 [4th Dept 2012]) and, nevertheless, plaintiff raised an issue of fact (see generally Rappaport v Correctional Med. Care, Inc., 200 AD3d 1150, 1153 [3d Dept 2021]).
The County defendants further contend that the court erred in denying their motion insofar as it sought summary judgment dismissing the claim under the second cause of action for unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against the County (see Monell v Department of Social Servs. of City of New York, 436 US 658, 691 [1978]) because plaintiff failed to plead an official governmental custom or policy that caused the denial of decedent's constitutional rights. We reject that contention. "Modern principles of procedure do not permit an unconditional grant of summary judgment against a plaintiff who, despite defects in pleading, has in [their] submissions made out a cause of action" (Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 279 [1978]; see Perry v Edwards, 79 AD3d 1629, 1630-1631 [4th Dept 2010]). Where, as here, the "case involves summary judgment, not sufficiency of the complaint, failure to state a tort cause of action in pleadings would not be sufficient to permit unconditional summary judgment in favor of defendant, as a matter of law, if plaintiff's submissions provided evidentiary facts making out a cause of action" (Alvord & Swift, 46 NY2d at 280). Consequently, "[o]n a motion for summary judgment premised on failure to state a cause of action, the court must consider evidentiary material in addition to the pleadings . . . , and the relevant criterion is not whether the proponent of the pleading has stated a cause of action, but whether that party has one" (Seidler v Knopf, 186 AD3d 889, 890 [2d Dept 2020]; see [*4]Lindquist v County of Schoharie, 126 AD3d 1096, 1097-1098 [3d Dept 2015]). Here, even assuming, arguendo, that the County defendants met their initial burden on the aforementioned part of the motion, we conclude that plaintiff's submissions in opposition to the motion contain evidence that an official policy or custom of the County itself caused the denial of decedent's constitutional rights (see generally De Lourdes Torres v Jones, 26 NY3d 742, 768 [2016]) and that plaintiff has thereby made out a claim against the County for unlawful deprivation of medical treatment in violation of 42 USC § 1983 (see generally Alvord & Swift, 46 NY2d at 279).
We nonetheless agree with the County defendants that the court erred in denying their motion insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Kawalek, States, and Emerling on the theory that they deprived decedent of proper mental health care. We therefore modify the order accordingly. The County defendants met their initial burden on the motion with respect to those claims on that theory by establishing that the actions taken by Kawalek, States, and Emerling in response to decedent's self-harming behavior, which constituted a time-sensitive emergency, did not deprive decedent of mental health care or evince deliberate indifference to his serious mental health care needs (see Rodriguez v County of Suffolk, 155 AD3d 915, 917 [2d Dept 2017]; see also Small v St. Barnabas Hosp., 165 AD3d 576, 577 [1st Dept 2018]; Chavis v City of New York, 94 AD3d 440, 442-443 [1st Dept 2012]) and by establishing that Kawalek, States, and Emerling were not negligent with respect to decedent's mental health care (cf. Andrews, 96 AD3d at 1478), and plaintiff failed to raise triable issues of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We also agree with the County defendants that the court erred in denying their motion insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Emerling on the theory that he deprived decedent of proper medical treatment after decedent was removed from his cell. We therefore further modify the order accordingly. Although Emerling restrained decedent's right wrist and lower arm while he was in the examination room, the County defendants' submissions establish that Emerling released his hold on decedent when the EMTs arrived, did not touch decedent again, did not participate in the escort, and had no other contact with decedent after decedent left the infirmary. The County defendants thus met their initial burden on the motion with respect to those claims on that theory by establishing that Emerling lacked personal involvement in the alleged prevention of decedent's receipt of medical treatment following his removal from his cell (see generally Prezioso v County of Niagara, 213 AD3d 1302, 1305 [4th Dept 2023]; Luckey v City of New York, 120 AD3d 403, 404 [1st Dept 2014]) and by establishing that Emerling was not negligent in that regard, and we conclude that plaintiff failed to raise triable issues of fact in opposition (see generally Zuckerman, 49 NY2d at 562). Contrary to the County defendants' related contention, however, we conclude that they failed to eliminate questions of fact whether Kawalek and States deliberately impeded the EMTs from assessing and treating decedent. The court thus properly denied the County defendants' motion insofar as it sought summary judgment dismissing the claim under the second cause of action for unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Kawalek and States on the theory that they deprived decedent of proper medical treatment after he was removed from his cell (see Iannelli, 156 AD3d at 769). For the same reason, the County defendants failed to meet their burden of establishing their entitlement to judgment as a matter of law on the claim under the second cause of action for negligent deprivation of adequate medical care as asserted against Kawalek and States on the theory that they deprived decedent of proper medical treatment after he was removed from his cell (see Andrews, 96 AD3d at 1478).
With respect to Cross's appeal and Dee's appeal, we conclude for the same reasons previously discussed regarding Kawalek, States, and Emerling that the court erred in denying their respective motions insofar as they sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against them on the theory that they deprived decedent of proper mental health care. We therefore further modify the order accordingly.
We have reviewed the remaining contentions of the parties, including those presented by plaintiff in his cross-appeal, and we conclude that none warrants reversal or further modification of the order.
All concur except Curran and Ogden, JJ., who dissent in part and vote to modify in accordance with the following memorandum: We respectfully dissent from the majority's determination to modify the order on appeal by granting the motion of defendants County of Erie, Scott Evans, Michael Anderson, Matthew O'Connell, Edward Kawalek, Robert States, Scott Emerling and Richard Frys (collectively, County defendants) insofar as it sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Kawalek and States on the theory that they deprived plaintiff's decedent of proper mental health care. We similarly dissent from the majority's determination to modify the order by granting the separate motions of defendants Robert Dee and Matthew Cross insofar as they sought summary judgment dismissing the claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983 as asserted against Dee and Cross, respectively, on the theory that each deprived decedent of proper mental health care. We otherwise agree with the majority's determination.
The majority's analysis relies on its conclusion that plaintiff purportedly asserts two theories in support of his claims under the second cause of action for negligent deprivation of adequate medical care and unlawful deprivation of medical treatment in violation of 42 USC § 1983: first that defendants deprived decedent of proper mental health care and second that they deprived him of proper medical treatment after he was removed from his cell. Although the distinction drawn by the majority may be eminently reasonable when considered in the abstract, it is emphatically not one that the parties presented to Supreme Court in their motion papers, nor is it one that has been advanced in any of the briefs submitted to this Court on appeal. That distinction is also not expressed anywhere in the complaint or the bill of particulars. Inasmuch as the parties have not parsed the second cause of action in the manner presented by the majority, we conclude that this Court should not do so for the first time on appeal.
Because the distinction between mental health care and medical treatment was not raised below, we conclude that the County defendants, Dee, and Cross could not have met their initial burdens on their respective motions of establishing entitlement to judgment as a matter of law with respect to the issue of the mental health care provided to decedent. They simply never sought summary judgment dismissing any part of the second cause of action on that basis (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), and it is "improper" for a court to consider an alternative ground for granting summary judgment that is not raised by the moving parties (Lobianco v City of Niagara Falls, 213 AD3d 1341, 1343 [4th Dept 2023]; see McDonald v Whitney Highland Homeowners' Assn., Inc., 158 AD3d 1229, 1231 [4th Dept 2018]). We also note that, inasmuch as the distinction between mental health care and medical treatment under the second cause of action has not been advanced by any party on appeal, the majority's approach runs afoul of the admonition of the Court of Appeals that courts are not "in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
We further note the practical problems created by the majority's approach here, particularly its failure to define which acts (or failures to act) relate to mental health care—i.e., allegations that are subject to dismissal—and which acts (or failures to act) relate to medical treatment—i.e., allegations that should be resolved at trial. For example, one of the issues addressed by the parties in the motion papers was whether a restraint chair should have been used to secure decedent during the underlying incident. Under the majority's approach, the parties are now left to guess whether those facts pertain to mental health care or medical treatment; only if they pertain to the latter will those facts be allowed in evidence at trial. In our view, in the absence of any specific argument by the parties in their motion papers, the parsing of those evidentiary distinctions—despite the majority's labeling of them as "theories"—is best resolved at trial, particularly because the trial court will be in the best position to decide what evidence is received and what claims are ultimately presented to the factfinder.
Consequently, although we agree with the trial court's characterization that some of the allegations in the second cause of action are "weak," we would modify the order only to the extent of granting the County defendants' motion insofar as it seeks summary judgment dismissing the second cause of action as asserted against Emerling. As we understand it, the majority's determination as it pertains to Emerling is not predicated on the distinction the majority draws between mental health care and medical treatment.
Entered: August 30, 2023
Ann Dillon Flynn
Clerk of the Court