Armwood v State of New York (2023 NY Slip Op 04465)

Armwood v State of New York

2023 NY Slip Op 04465

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-00147

[*1]Kevin Armwood, respondent, 
v
State of New York, appellant. (Claim No. 128231)

Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Amit R. Vora, and Stephen J. Yanni of counsel), for appellant.
Andrew F. Plasse & Associates, LLC, Flushing, NY, for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Walter Rivera, J.), dated October 29, 2020. The order denied the defendant's motion for summary judgment dismissing the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the claim is granted.
In January 2016, the claimant, while an inmate at Sing Sing Correctional Facility, allegedly was injured when another inmate cut him with a stainless-steel scalpel razor blade. The alleged incident took place at the "B Block" yard. The claimant commenced this claim to recover damages for personal injuries, alleging, inter alia, that the State of New York was negligent in its supervision of inmates. The State moved for summary judgment dismissing the claim. The Supreme Court denied the State's motion. The State appeals.
"Having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow inmates" (Sanchez v State of New York, 99 NY2d 247, 252). "That duty does not, however, render the State an insurer of inmate safety," and negligence cannot be established by the "mere occurrence of an inmate assault" (id. at 253, 256; see Dickson v Putnam, 171 AD3d 1131, 1131-1132; Gilhooly v County of Suffolk, 164 AD3d 659; McAllister v City of New York, 159 AD3d 887). Rather, the scope of the State's duty is "limited to providing reasonable care [*2]to protect inmates from risks of harm that are reasonably foreseeable, i.e., those that [the State] knew or should have known" (Vasquez v State of New York, 68 AD3d 1275, 1276; see Sanchez v State of New York, 99 NY2d at 253; Dickson v Putnam, 171 AD3d at 1132; McAllister v City of New York, 159 AD3d at 888).
Here, in support of its motion, the State established its prima facie entitlement to judgment as a matter of law dismissing the claim by demonstrating that the alleged assault upon the claimant was not reasonably foreseeable. The State's submissions demonstrated that the claimant did not know his assailant, who unexpectedly engaged in a "surprise attack" against the claimant. Further, the State proffered evidence that it undertook security measures, including requiring every inmate entering the B Block yard to "go through a [m]agnetometer," as well as subjecting inmates to random "pat frisks" and searches. Contrary to the determination of the Court of Claims, the State's failure to employ the use of a particular magnetometer did not present a triable issue of fact (see generally Matter of Rivera v Smith, 63 NY2d 501, 512-513 [prison officials are vested with broad discretion in their formulation of security-related policies]; Matter of Smith v Goord, 250 AD2d 946, 946-947 [a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators]). In opposition, the claimant failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Gilhooly v County of Suffolk, 164 AD3d at 659-660).
Accordingly, the Court of Claims should have granted the State's motion for summary judgment dismissing the claim.
In light of our determination, we need not reach the State's remaining contention.
IANNACCI, MILLER and FORD, JJ., concur.
BRATHWAITE NELSON, J.P., dissents, and votes to affirm with the following memorandum, in which DOWLING, J., concurs:
I respectfully disagree with the conclusion reached by my colleagues in the majority to reverse the order appealed from. In my view, the Court of Claims correctly determined that the State failed to sustain its burden of eliminating triable issues of fact as to whether the injury to the claimant was reasonably foreseeable. Therefore, I would affirm the order appealed from.
While incarcerated at Sing Sing Correctional Facility, the claimant was injured in the "B Block yard" when another inmate cut him on the face with a "stainless steel scalpel razor blade." When searched immediately following the incident, the other inmate was found to be in possession of a "black tape sheath" that "fit perfectly onto the weapon." The claimant commenced this claim, alleging that the defendant, State of New York, was negligent in its supervision of inmates. The State moved for summary judgment dismissing the claim on the ground that the assault was not foreseeable as a matter of law. In an order dated October 29, 2020, the Court of Claims denied the State's motion. The State appeals.
"While the State is by no means an insurer of inmate safety or required to provide unremitting surveillance in all circumstances . . . 'having assumed physical custody of inmates, who cannot protect and defend themselves in the same way as those at liberty can, the State owes a duty of care to safeguard inmates, even from attacks by fellow inmates'" (Villar v Howard, 28 NY3d 74, 80 [citation and alteration omitted], quoting Sanchez v State of New York, 99 NY2d 247, 252). "[T]he scope of the duty owed by the defendant is defined by the risk of harm reasonably to be [*3]perceived . . . Although the precise manner in which the harm occurred need not be foreseeable, liability does not attach unless the harm is within the class of reasonably foreseeable hazards that the duty exists to prevent" (Sanchez v State of New York, 99 NY2d at 252 [citation omitted]). Foreseeability is not limited to knowledge that the claimant was particularly vulnerable to assault, and includes "the State's constructive notice—what the State reasonably should have known—for example, from its knowledge of risks to a class of inmates based on the institution's expertise or prior experience, or from its own policies and practices designed to address such risks" (id. at 254 [emphasis omitted]; see Villar v Howard, 28 NY3d at 80).
"To obtain summary judgment, the State must meet a high threshold: there must be only one conclusion that can be drawn from the undisputed facts—that as a matter of law injury to [the claimant] was not reasonably foreseeable" (Sanchez v State of New York, 99 NY2d at 254). Here, the Court of Claims properly found that the State failed to meet this burden. In support of its motion, the State submitted, among other things, the deposition testimony of a prison captain, who testified that prison staff were aware of incidents of "inmate-on-inmate assaults" involving stainless steel objects, that prison staff were aware that the metal detector used for inmates entering the B Block yard would not detect a stainless steel object if covered with a sheath, and that there was a device, which the New York State Department of Corrections possessed, that could detect stainless steel. This evidence, which established that the State was aware of the use of stainless steel blades which could not be detected by the security measures in place on the day of the incident, failed to establish as a matter of law that the injury to the claimant was not reasonably foreseeable (see id. at 254-255; Adeleke v County of Suffolk, 156 AD3d 748, 749; Brown v City of New York, 95 AD3d 1051, 1052; Smith v County of Albany, 12 AD3d 912, 913; see also Pitts v State of New York, 166 AD3d 1505, 1506). The State also failed to eliminate triable issues of fact as to the adequacy of the measures taken to prevent reasonably foreseeable harm (see Adeleke v County of Suffolk, 156 AD3d at 749; Smith v County of Albany, 12 AD3d at 913).
The State's contention that it is protected by governmental functional immunity is not properly before this Court as it is raised for the first time on appeal.
Accordingly, I would affirm the order appealed from.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court