Abromavage v Deutsche Bank Sec. Inc. (2026 NY Slip Op 00052)

Abromavage v Deutsche Bank Sec. Inc.

2026 NY Slip Op 00052

Decided on January 08, 2026

Appellate Division, First Department

SHULMAN, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Saliann Scarpulla
David Friedman Lizbeth González Martin Shulman LlinÉt M. Rosado

Index No. 159917/22|Appeal No. 4749|Case No. 2024-07790|

[*1]Neil Abromavage, Plaintiff-Appellant,
vDeutsche Bank Securities Inc., et al., Defendants-Respondents.

Plaintiff appeals from the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered November 27, 2024, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross-motion for limited discovery.

Goodstadt Law Group, PLLC, Garden City (Andrew S. Goodstadt of counsel), for appellant.
Seyfarth Shaw LLP, New York (Cameron A. Smith and John T. DiNapoli of counsel), for respondents.

SHULMAN, J. 

Plaintiff, formerly a Managing Director, Head of the Financial Institutions Group in defendant Deutsche Bank Securities Inc.'s Equity Capital Markets (ECM) division, was terminated in August 2016. In 2015, he participated in an internal human resources investigation involving another managing director, Jason Gurandiano, who had been accused of racially discriminatory remarks and gender-based misconduct. Plaintiff asserts that his cooperation in that investigation provoked animus from his supervisors, defendants Jeffrey Bunzel and Mark Hantho, ostensibly friends of Gurandiano, who allegedly retaliated by reducing his business opportunities and ultimately terminating him.
Plaintiff first pursued these claims in the U.S. District Court for the Southern District of New York under Title VII of the Civil Rights Act of 1964 (Title VII), the New York State Human Rights Law (State HRL) and New York City Human Rights Law (City HRL). Plaintiff alleged seven discrete adverse employment actions: (1) the artificial depression of his revenue; (2) denial of his request to transfer to a new position; (3) reassignment of his clients; (4) denial of funding to attend conferences; (5) a negative performance review; (6) no bonus in 2015; and (7) termination in August 2016.
After full discovery, the District Court (Caproni, J.) granted defendants' motion for summary judgment dismissing plaintiff's Title VII and State HRL claims but declined to exercise subject-matter jurisdiction over the City HRL claims and dismissed same, without prejudice (see Abromavage v Deutsche Bank Sec. Inc., 2021 WL 1061596, 2021 US Dist LEXIS 52316 [SD NY, March 19, 2021, No. 18-CV-6621 (VEC)]). The Second Circuit affirmed (see Abromavage v Deutsche Bank Sec. Inc., 2022 WL 4360950, 2022 US App LEXIS 26344 [2d Cir, Sept. 21, 2022, No. 21-668]). Plaintiff then filed this action in state court solely under the City HRL. Supreme Court denied plaintiff's cross-motion for limited discovery and dismissed this action on collateral estoppel grounds. We now affirm.
The District Court's opinion exhaustively reviewed the seven adverse employment actions and detailed the factual record. The District Court concluded that plaintiff did not meet his evidentiary burden for a reasonable jury to find that defendants' legitimate and nonretaliatory explanations for these adverse employment actions were pretextual or "that a retaliatory motive was the but-for cause of the adverse employment actions about which [plaintiff] complains" (Abromavage, 2021 WL 1061596, *17, 2021 US Dist LEXIS 52316, *51 [emphasis added]). Specifically, the District Court found that: (1) plaintiff's revenue had significantly declined and thus justified his not receiving a bonus in 2015 and his termination as "there is no question that [plaintiff's] revenue was way down in 2015 . . . [at $18.3 million compared to] $93.3 million in 2014, $45.8 million in 2013, and $98.5 million in 2012 . . . [and there was] no dispute that [p]laintiff's revenues continued a downward trajectory in 2016" (id., 2021 WL 1061596, *9-11, 2021 US Dist LEXIS 52316, *25-26); (2) defendants had offered detailed contemporaneous documentation and testimony corroborating their decision to terminate plaintiff for performance and management reasons unrelated to his protected activity (id., 2021 WL 1061596, *11-14, 2021 US Dist LEXIS 52316, *27-38); and (3) although there was closeness in time between plaintiff's protected activity and certain employment actions to indirectly support an initial inference of causation, the court held that "temporal proximity alone cannot establish that retaliation was a but-for cause or that defendants' reasons were pretextual" (id., 2021 WL 1061596, *14 n 24, 2021 US Dist LEXIS 52316, *39 n 24). The District Court emphatically concluded that plaintiff "did not demonstrate that [d]efendants' [legitimate] reasons were pretextual, weak, implausible, inconsistent, or contradictory, and he failed to show that retaliation was a but-for cause of the adverse actions" (id., 2021 WL 1061596,*18, 2021 US Dist LEXIS 52316, *51).
The Second Circuit affirmed the District Court's grant of summary judgment dismissing plaintiff's Title VII and State HRL claims. Using nearly identical language, the Second Circuit "agree[d] with the district court's conclusion that [plaintiff] failed to demonstrate that [d]efendants' reasons for the adverse actions were pretextual or that retaliation was [their] but-for cause" (Abromavage, 2022 WL 4360950, *2, 2022 US App LEXIS 26344, *4). Notably, the Second Circuit underscored that plaintiff "[did] not seriously contest most of [d]efendants' [legitimate and nonretaliatory] reasons," but focused on certain directives which he claims singled him out for a zero bonus and termination (id.). The Second Circuit, like the District Court, rejected plaintiff's pretext argument because defendants provided unrefuted documentation. That documentation showed plaintiff was terminated for the same legitimate, nonretaliatory reasons—declining revenue and company redundancies—as other managing directors ("[A]bout 15%—of ECM Managing Directors worldwide received zero bonuses in 2015, which is significant given . . . that zero bonuses were unprecedented[,] . . . three other ECM employees were terminated with [plaintiff] . . . [and contemporaneous] documentary evidence . . . discuss[ed] [a plan for] a very aggressive headcount reduction . . . and additional planned attrition . . . focused on [Managing Directors and Directors]" [internal quotations omitted]) (id., 2022 WL 4360950, *2, 2022 US App LEXIS 26344, *4-5). The Second Circuit's summary order also concluded that plaintiff failed to offer any evidence of pretext for most of the adverse actions, relying only on the temporal proximity between his protected activity and these actions. The court emphasized a long-standing precedent that temporal proximity alone is not sufficient to satisfy a plaintiff's burden to prove pretext (id.).
Collateral estoppel applies where: (1) the identical issue was necessarily decided in a prior action and is decisive in the current one, and (2) the party to be precluded had a full and fair opportunity to litigate the issue (Buechel v Bain, 97 NY2d 295, 303—304 [2001], cert denied 535 US 1096 [2002]). "Collateral estoppel is described as a flexible doctrine, and a determination of whether a party had a full and fair opportunity to litigate in the prior proceeding requires a practical inquiry into the realities of [the prior] litigation" (Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69 [2d Dept 2021] [internal quotation marks and citation omitted]). This doctrine is also grounded in considerations of fairness, judicial economy, and consistency (see generally Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]). Here, the same parties litigated the identical factual question— namely whether defendants acted with retaliatory animus. Plaintiff had extensive discovery and a full and fair opportunity to contest the record before judgment and on appeal. The adverse employment decisions and retaliatory motive were thoroughly litigated under Title VII and the State HRL burden-shifting framework, and the issue was necessarily resolved when the District Court found a total absence of evidence of retaliatory motive and granted defendants summary judgment as a matter of law. The Second Circuit's affirmance ratified those findings.
As the Court of Appeals recently reaffirmed in Russell v New York Univ., federal factual findings can bar relitigating even City HRL claims where the prior record established the absence of any evidence of retaliatory intent (42 NY3d 377, 387 [2024]). In Russell, the Court of Appeals held that "applying the proper mixed-motive standard under the City HRL . . . '[t]he factual findings of the federal courts make clear that no pretext or retaliatory animus existed'" and the claims were thus barred by collateral estoppel (id. at 387-388 [internal quotation marks and citations omitted]). This holding controls here. Like the plaintiff in Russell, this plaintiff cannot circumvent binding factual determinations by invoking the City HRL's liberal construction. The District Court's conclusions that defendants' reasons were legitimate and unrebutted by any evidence of retaliatory motive underlying the adverse actions constitute precisely the kind of factual findings "based on undisputed evidentiary materials and involving virtually no judicial interpretation" that trigger preclusion (Simmons-Grant v Quinn Emanuel Urquhart & Sullivan, LLP, 116 AD3d 134, 140 [1st Dept 2014]).
The City HRL is "uniquely broad and remedial," requiring courts to construe its provisions "independently from similar or identical provisions of New York state or federal statutes" (Williams v New York City Hous. Auth., 61 AD3d 62, 66 [1st Dept 2009], lv denied 13 NY3d 702[2009]). However, the requirement to interpret the City HRL under a more liberal lens does not relieve plaintiff of his burden to produce evidence of a retaliatory motive behind the adverse actions.
Under the circumstances presented here, temporal proximity, standing alone, creates at most a prima facie inference of causation. It cannot overcome detailed factual findings that no retaliatory motive existed. As the District Court observed, temporal proximity suffices to establish a prima facie case but not to show pretext, and the Second Circuit wholly concurred that plaintiff's evidentiary deficiencies were dispositive. Plaintiff's arguments overlook those determinations and invite relitigating facts already adjudicated by two federal courts after full and fair litigation. The federal courts expressly found no retaliatory animus after reviewing extensive evidence. As Russell highlighted, this compels preclusion.
We emphasize that the City HRL's liberal construction rule lowers the causation threshold, not the evidentiary one. Once the federal record established the absence of any retaliatory motive, no genuine factual issue remained even under the City HRL's mixed-motive framework. To allow this case to go to a jury under the guise of liberal construction finds no support in the record.
Finally, Supreme Court properly denied plaintiff's cross-motion for limited additional discovery, as the record shows that plaintiff had a full and fair opportunity for disclosure during the federal action (CPLR 3212[f]; see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). The two new witnesses plaintiff now seeks to depose were identified in the federal discovery, and the document plaintiff wishes to question defendant Hantho about was also admittedly produced there. Plaintiff cannot reopen discovery because he received an unfavorable outcome, especially when he failed to seek the discovery now demanded during the prior action.
Accordingly, the order of the Supreme Court, New York County (Lynn R. Kotler, J.), entered November 27, 2024, which granted defendants' motion for summary
judgment dismissing the complaint and denied plaintiff's cross-motion for limited discovery, should be affirmed, without costs.
Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 27, 2024, affirmed, without costs.
Opinion by Shulman, J. All concur
Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026