Busch v County of Erie
2026 NY Slip Op 04060
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

JAMES BUSCH, PLAINTIFF-RESPONDENT,
v
COUNTY OF ERIE, GRACE MOKA, R.N., JULIA DIBIASE-JOHNSTON, R.N., ALLISON PARKER, HEIDI CORNELL, NP, DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
290 CA 25-00714
Present: Whalen, P.J., Bannister, Montour, Greenwood, And Hannah, JJ.

JEREMY C. TOTH, COUNTY ATTORNEY, BUFFALO, FOR DEFENDANTS-APPELLANTS.
SHAW & SHAW, P.C., HAMBURG (BLAKE ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered March 17, 2025. The order denied in part the motion of defendants-appellants to dismiss the second amended complaint against them.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion seeking to dismiss the premises liability claim and the claim for punitive damages, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence and 42 USC
§ 1983 action seeking damages for injuries he sustained after he was diagnosed with hepatitis A while incarcerated in the custody of defendant County of Erie (County). Defendants-appellants (defendants) removed the case to federal court. After discovery, defendants moved for summary judgment dismissing the amended complaint. The federal court granted the motion with respect to the 42 USC § 1983 and conspiracy claims and with respect to the punitive damages claims asserted against the County related to plaintiff's federal constitutional claims. The federal court declined to exercise jurisdiction over plaintiff's state law negligence claims and any related claims, and dismissed those claims without prejudice to refile in state court. Plaintiff filed a second amended summons and complaint in state court. Defendants moved pursuant to CPLR 3211 to dismiss the second amended complaint against them. Supreme Court granted the motion to the extent of dismissing the medical malpractice claim against defendants, but otherwise denied the motion. Defendants appeal.
We agree with defendants that the court erred in denying that part of their motion seeking dismissal of the premises liability claim, which includes alleged violations of Correction Law §§ 141 and 500-c and County Law § 217, and we therefore modify the order accordingly. Collateral estoppel "bars the relitigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment" (Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72 [2018] [internal quotation marks omitted]). "What is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). "Where a federal court declines to exercise jurisdiction over a plaintiff's state law claims, collateral estoppel may still bar those claims provided that the federal court decided issues identical to those raised by the plaintiff's state claims" (Williams v New York City Tr. Auth., 171 AD3d 990, 992 [2d Dept 2019] [internal quotation marks omitted]).
Here, defendants established identity of issues inasmuch as plaintiff's premises liability claim, i.e., that the conditions of confinement were improper or unsafe in exposing him to the risk of contracting hepatitis A, is the same as that raised and decided in the federal court (see Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 432-433 [2000]; see also Ryan, 62 NY2d at 502). The federal court found that plaintiff failed to establish any unsanitary conditions or any deprivations of an identifiable human need that existed. We conclude that "[w]here a federal court has made an 'explicit finding that plaintiff produced no evidence on the relevant specific factual issue in the litigation,' as was done here, the application of the collateral estoppel bar to plaintiff's" identical state claim is warranted (Russell v New York Univ., 42 NY3d 377, 387 [2024]; see Abromavage v Deutsche Bank Sec. Inc., — AD3d —, 2026 NY Slip Op 00052 [1st Dept 2026]).
We reject defendants' contention that the court erred in denying that part of their motion seeking dismissal of the negligent training and supervision, negligent hiring, and negligent retention claims. Defendants' contention that there is no employer-employee relationship between the County and the individual defendants was raised for the first time in their reply papers and is therefore not properly before us (see Metcalf v County of Erie, 219 AD3d 1168, 1172 [4th Dept 2023]; Tanksley v LCO Bldg. LLC, 196 AD3d 1037, 1040 [4th Dept 2021]).
Finally, we agree with defendants that the court erred in denying that part of their motion seeking dismissal of the claim for punitive damages asserted against defendants, and we therefore further modify the order accordingly. Municipalities such as the County are not subject to punitive damages (see Matter of Rosbaugh [Town of Lodi], 43 NY3d 567, 570 [2025]; Martinetti v Town of New Hartford Police Dept., 307 AD2d 735, 737 [4th Dept 2003]). We further note that, inasmuch as there are no remaining claims against the individual defendants, the claim for punitive damages asserted against them necessarily fails
(see generally Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616-617 [1994]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court